530 P.2d 1130
**STATE of of Arizona, Respondent,**
v.
**Randy Forrest STICE, Petitioner.**
**No. I CA–CR 887.**

Court of Appeals of Arizona,
Division 1,
Department B.
Jan. 28, 1975.

---

**98**

Bruce E. Babbitt, Atty. Gen., and G. Eugene Neil, Yavapai County Atty. by Robert W. Kuebler, Jr., Deputy County Atty., Prescott, for respondent.

Favour & Beck by Thelton D. Beck, Prescott, for petitioner.

## OPINION

HAIRE, Chief Judge, Division 1.

This is a petition for review under Rule 32.9(c), 1973 Rules of Criminal Procedure, 17 A.R.S., of the actions of the trial court in denying petitioner's petition for post-conviction relief under Rule 32.1, *ibid.*, and in denying his motion for rehearing thereof.

Petitioner has complied with the requirements of Rule 32.9 so as to permit review by this Court of the trial court's actions. The granting of a petition for review by this Court in such a case is discretionary. Rule 32.9(c). This Court, in its discretion, has granted review in this case, and after reviewing the record of the proceedings in the trial court, and for the reasons stated herein, has determined that the actions of the trial court were proper and that no relief is warranted.

The record indicates that on June 1, 1973, petitioner was convicted of three counts of vehicular manslaughter (each a misdemeanor) after trial by jury. Imposition of sentence was suspended, and he was placed on probation for one year and fined $1000. After pronouncing sentence the trial court advised the petitioner of his right to appeal and to court-appointed counsel therefor. Petitioner was represented by the same appointed counsel from his arraignment to the present time. At no time thereafter did petitioner file any appeal from his conviction, and the time for appeal expired on August 1, 1973. After the completion of his probation, petitioner filed an application on June 18, 1974, to set aside the verdict and dismiss the information pursuant to A.R.S. § 13–1744. When this was opposed by the State, he filed his Rule 32 petition, seeking relief only in the form of being allowed to file a delayed appeal from his conviction, alleging that there had been obstruction by a State officer of his right to appeal and that he had been given incomplete and erroneous legal advice by his probation officer, which deprived him of the effective assistance of counsel in deciding whether to appeal.

Petitioner's contention is that he did not appeal within the prescribed time because he believed from a discussion with his probation officer that his conviction would eventually be removed from his record under A.R.S. § 13–1744 if he fulfilled the terms of his probation, which he did. Petitioner admits that he knew of his right to appeal, that the trial court advised him of such right and of his right to appointed counsel therefor, that he discussed his right to appeal with his counsel after his conviction, and that he decided not to appeal, but rather to rely on A.R.S. § 13–1744.

The only basis for permitting a delayed appeal is that the petitioner's failure to appeal was without fault on his part. Rule 32.1(f), Rules of Criminal Procedure, 17 A.R.S. Petitioner has the burden of establishing the absence of any fault on his part, Rule 32.8(c) *ibid.,* and in our opinion he has failed to meet that burden. Instead, the record establishes that his failure to appeal was the result of his intelligent and voluntary choice between two known alternatives. The trial court therefore correctly denied the petition for post-conviction relief.

The relief requested is denied.

JACOBSON, P. J., Department B, and EUBANK, J., concur.