540 P.2d 135

**STATE of Arizona, Respondent,**

**v.**

**Randy Forrest STICE, Petitioner.**

**No. I CA–CR 887.**

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 16, 1975.

Rehearing Denied Oct. 21, 1975.
Review Denied Nov. 4, 1975.

Bruce E. Babbitt, Atty. Gen., Phoenix, and G. Eugene Neil, Former Yavapai County Atty., Charles E. Preimsberg, Yavapai County Atty., by Robert W. Kuebler, Jr., Deputy County Atty., Prescott, for respondent.

Favour & Beck by Thelton D. Beck, Prescott, for petitioner.

## SUPPLEMENTAL OPINION

HAIRE, Chief Judge.

In our prior opinion in this matter, *State v. Stice,* 23 Ariz.App. 97, 530 P.2d 1130 (1975), we held that the trial court correctly denied petitioner's petition for post-conviction relief, and therefore we denied his petition for review. Upon further consideration after the filing of petitioner's motion for rehearing, we have decided that the matter must be remanded for further proceedings in the trial court.

The petition for post-conviction relief was filed pursuant to the provisions of Rule 32.1(f), seeking an order from the trial court allowing petitioner to take a delayed appeal. The trial court hearing on this delayed appeal motion was consolidated with a hearing on petitioner's application to set aside his conviction and restore his civil rights pursuant to A.R.S. § 13–1744 et seq. Petitioner's original conviction was for misdemeanor manslaughter, three counts, and at the hearing the state urged that A.R.S. § 13–1744 relating to the setting aside of a conviction and restoration of civil rights was not applicable to misdemeanor convictions. At the conclusion of the hearing, the trial judge stated that it was his opinion that § 13–1744 was applicable to both felonies and misdemeanors, but he refused to grant petitioner any relief under § 13–1744 indicating that at some future time petitioner could again petition the court to have the conviction set aside, but that at the present time it was the court's opinion that petitioner should indicate to society for a longer period of time that he could be a law-abiding citizen. The court also denied petitioner's motion for post-conviction relief to file a delayed appeal, without setting forth any reasons for the denial.

As we stated in our original opinion in this matter, the basis for petitioner's delayed appeal motion was that there had been obstruction by a state officer of his right to appeal in that he had been given incomplete and erroneous legal advice by his probation officer, which deprived him of the effective assistance of counsel in deciding whether to appeal. In essence, petitioner's contention was that his probation officer's advice concerning the applicability of A.R.S. § 13–1744 had influenced his decision not to exercise his right to appeal from his conviction and sentence.

After the filing of our opinion in this matter, Division 2 of this Court rendered its opinion in *State v. Grant*, Ariz.App., 537 P.2d 38 (1975), holding that the provisions of A.R.S. § 13–1744 do not apply to misdemeanor convictions. It now becomes apparent that if the probation officer advised petitioner as alleged, and if because of this erroneous advice petitioner decided to forego his appeal rights, petitioner has been deprived of a substantial right due to the action of an officer of the court, and should now be allowed to exercise that right. We have no hesitancy in holding that if such circumstances existed, petitioner's failure to appeal within the prescribed time would have been "without fault on his part" so as to justify relief pursuant to Rule 32.1(f), Rules of Criminal Procedure, 17 A.R.S.

In reviewing the transcript of the hearing before the trial court, we note that from the evidence presented, the trial court could have found that petitioner's contentions were factually true. However, notwithstanding the requirements of Rule 32.8(d), no findings were made by the trial court concerning these issues.

Petitioner's motion for rehearing is granted, and the matter is remanded for further proceedings on petitioner's motion for delayed appeal. Upon remand, the trial court is directed to make specific findings of fact and conclusions of law pursuant to the requirements of Rule 32.8(d), and grant or deny petitioner's motion in accordance with the principles set forth in this supplemental opinion. The trial court, in its discretion, may order a new hearing or may make it findings and conclusions based upon the hearing previously held.

Nothing in this opinion is intended to cast any reflection upon the ability or good faith of the trial court's probation officer. As far as the record before this Court reflects, he has exercised his duties in all proceedings in this matter in a conscientious and professional manner.

JACOBSON, P. J., and EUBANK, J., concur.