541 P.2d 396

**The STATE of Arizona, Appellee,**

v.

**William GAUSE, Appellant.**

**No. 2099-2.**

Supreme Court of Arizona,
In Banc.

Oct. 14, 1975.

Rehearing Denied Nov. 18, 1975.

Bruce E. Babbitt, Atty. Gen. by Grove M. Callison, Asst. Atty. Gen., Phoenix, for appellee.

Rabinovitz, Minker, Hirsch & Dix, P.C. by Bernard I. Rabinovitz and Albert P. Dover, Tucson, for appellant.

CAMERON, Chief Justice.

This is an appeal from the denial of a motion for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure 1973.

There is only one question before the court and that is: Is there a valid appeal?

The facts necessary for a determination of this matter are as follows. Appellant, William Gause, was tried and convicted of the first degree murder, A.R.S. §§ 13–451 and 452, of his estranged wife, Mary Ellen Gause. We affirmed the judgment and conviction, 107 Ariz. 491, 489 P.2d 830 (1971). Appellant then filed a motion for post-conviction relief pursuant to Rule 32 of the Rules of Criminal Procedure 1973 asking for a new trial based on newly discovered evidence. After a hearing, the motion was denied by written order dated 21 June 1974. The order read as follows:

"The Court having considered petitioner's request for post conviction relief, having reviewed the transcripts in the trial, having reviewed respondent's opposition and the exhibits attached thereto and having considered the testimony at the hearing held in Florence on June 17, 1974 hereby orders petitioner's request for post conviction relief be denied on the grounds that petitioner has failed to

carry his burden of showing by a preponderance of the evidence that newly discovered facts or evidence exist, which if introduced at trial would probably have changed the verdict of guilty in the above referenced case. The Court finds that petitioner's claim that Mary Ellen Gause is still alive considering the credibility of witnesses and entire record would not merit relief under Rule 32(e). "WHEREFORE IT IS ORDERED that petitioner's motion for post conviction relief because of newly discovered evidence, should be and is hereby denied."

Written notice of appeal to the Court of Appeals was filed 9 July 1974 and amended written notice of appeal to the Arizona Supreme Court was filed 11 July 1974. That notice read as follows:

"PLEASE TAKE NOTICE that the petitioner, William Gause, herein hereby appeals to the Supreme Court of the State of Arizona from the order of this Court dated June 21, 1974."

Rule 32.9 provides in part as follows:
"a. *Motion for Rehearing; Response; Reply.* Any party aggrieved by a final decision of the trial court in these proceedings may, within 10 days after the ruling of the court, move the court for a rehearing setting forth in detail the grounds wherein it is believed the court erred. There shall be a response filed within 10 days and reply within 10 days.

\* \* \* \* \* \*

"c. *Petition for Review.* Upon denial of a motion for rehearing any party ag-

grieved may petition the appropriate Appellate Court for review of the actions of the trial court. The petition shall be filed with the clerk of the Superior Court and within 10 days after the denial of the motion for rehearing."

Appellant filed neither a petition for rehearing nor a petition for review, but rather, as we noted above, proceeded by direct appeal from the denial of his motion. Appellant admits that he has not complied with Rule 32.9, but presents no valid reason for his non-compliance.

Post-conviction relief pursuant to Rule 32 of the Rules of Criminal Procedure 1973 is a remedy separate and apart from the right to appeal. In pursuing post-conviction remedies, petitioner is limited to procedures set forth in the rule. Rule 32.9(a) specifically requires that the petitioner timely move the court for rehearing in order that the trial court have a last chance to correct any errors or omissions. This was not done. Upon denial of the motion for rehearing the petitioner may timely seek review in the appropriate appellate court as provided by Rule 32.-9(c). This was not done.

The purported appeal is dismissed.

STRUCKMEYER, V. C. J., HAYS and HOLOHAN, JJ., and EINO M. JACOBSON, Judge, Court of Appeals, concur.

LORNA E. LOCKWOOD, J., did not participate in the determination of this matter and EINO M. JACOBSON, Judge, sat in her stead.