543 P.2d 141

**STATE of Arizona, Respondent,**

v.

**Glenn Edward STELTER, Jr., Petitioner.**

**No. 1 CA–CR 1578–PR.**

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 9, 1975.

Moise Berger, Maricopa County Atty., by Randy Ellexson, Deputy County Atty., Phoenix, for respondent.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for petitioner.

## OPINION

EUBANK, Judge.

This is a petition for review of a final order of the Superior Court of Maricopa County denying petitioner's petition for post-conviction relief under Rule 32, Rules of Criminal Procedure, 17 A.R.S. On October 28, 1975, this Court entered its order dismissing said petition on the ground that no timely motion for rehearing had been filed in the trial court, as required by Rules 32.9(a) and (c), *ibid*, and *State v. Gause*, 112 Ariz. 296, 541 P.2d 396 (1975), as a result of which this Court had no jurisdiction over said petition.

On November 3, 1975, petitioner filed a motion herein entitled "Motion to Vacate Order Denying Petition for Post-Conviction Relief". Considering the substance and time of filing of this motion, the Court elects to treat it as a timely motion for rehearing of this Court's order of October 28, 1975. So considered, the motion must be denied.

The order of which review is sought was a minute entry order of the trial court entered on June 6, 1975, after the petition had been under advisement for two days. A copy of the minute entry order was mailed to the parties on June 9, 1975. A motion for rehearing was filed in the trial court on June 19, 1975, which this Court previously held to be late under Rule 32.-9(a).

Petitioner now contends that instead of the ten-day period specified in Rule 32.-9(a), he had fifteen days to file his rehearing motion, which would make his filing timely. We are therefore issuing our decision as an opinion rather than as an order, to clarify the point involved.

Petitioner computes his fifteen day period as follows. Rule 35.6, Rules of Criminal Procedure, requires that: "Immediately upon the entry of any order in a criminal case, other than in open court, the clerk shall mail to all parties a copy thereof." The order here was not entered in open court, but a copy was mailed to each party.

**304**

Petitioner then proceeds to Rule 1.3, Rules of Criminal Procedure, which provides that: "Whenever a party has the right or is required to take some action *within a prescribed period after service of a notice or other paper* and such service is allowed and made by mail, 5 days shall be added to the prescribed period." (Emphasis added). In other words, petitioner wants to convert the requirement for mailing a copy of an order into the commencement date of the period for filing a motion for rehearing.

We must reject this contention, because the rehearing filing period is specified in Rule 32.9(a) itself as "within 10 days *after the ruling of the court*", and not after the giving or service of any notice. This rule provides in part:

> "32.9(a) . . . Any party aggrieved by a final decision of the trial court in these proceedings may, within 10 days after the ruling of the court, move the court for a rehearing . . . ."

Rule 1.3, on the other hand applies only to cases where some action is required or permitted "within a prescribed period after service of a notice or other paper . . ." The latter rule is therefore inapplicable to Rule 32.9(a) by the specific terms of each rule. The permissible period for filing a rehearing motion in the trial court in a Rule 32 petition case is therefore limited to ten days after the ruling itself.

This difference in computation is further supported by the fact that in other rules, the period is specifically stated in terms of the giving of notice. For instance, Rule 31.13(a) provides that the opening brief shall be filed "within 25 days *after the mailing of the notice* as provided for by Rule 31.10. . . ." Rule 31.18 provides that "Any party desiring rehearing of a decision or order of the Appellate Court . . . may file a motion for rehearing within 15 days *after service* of the decision or order. . . ." Thus, when a certain time computation is to be made from notice or service, the rule very specifically so provides. Here the rule provides for starting the time limit with the *ruling* itself.

In view of the foregoing, and of the jurisdictional significance attached to the *timely* filing of a motion for rehearing in the trial court by the Supreme Court in *State v. Gause, supra,* it is our conclusion that a petitioner has ten days after the final ruling of the trial court on his petition within which to file a motion for rehearing, and that such a motion filed thereafter confers no jurisdiction on the trial court to rule on such motion, except to deny it, or on this Court to entertain a petition for review.

It might be noted in this case that even with the actual mailing date involved, petitioner in fact had ample notice of the ruling to file his rehearing motion within ten days after the ruling, but failed to do so.

Petitioner's motion for rehearing is denied.

JACOBSON, P. J., and HAIRE, Chief Judge, Division 1, concur.