553 P.2d 246

**STATE of Arizona, Appellant,**

v.

**James E. WHITE, Appellee.**
**No. I CA–CR 2013.**

Court of Appeals of Arizona,
Division 1,
Department B.

July 29, 1976.

Moise Berger, Maricopa County Atty. by Cleve Lynch, Deputy County Atty., Phoenix, for appellant.

Henry J. Florence, Ltd., by O. Joseph Chornenky, Phoenix, for appellee.

OPINION

JACOBSON, Presiding Judge.

This case is before us at this time on appellee's motion to dismiss the State's appeal for lack of jurisdiction. Normally such a motion would be disposed of by an order, but because of the jurisdictional issue involved, we believe an opinion is warranted.

This attempted appeal is by the State from an order of the Superior Court granting apppellee a new trial, following a hearing on his Rule 32 petition for post-conviction relief. (Rule 32, Rules of Criminal Procedure.) The order was entered on April 26, 1976, and on May 10, 1976, the State filed a standard "Notice of Appeal" form, appealing from that order.

The motion to dismiss is based on the fact that the order sought to be appealed from was entered in Rule 32 proceedings,

and the contention that the State may not appeal therefrom, but must instead follow the procedure prescribed in Rules 32.9(a) and (c), 17 A.R.S., Rules of Criminal Procedure, which provide for a motion for rehearing to be filed in the trial court, followed by a petition for review to an appellate court if the rehearing is denied. The State admits that it did not file a motion for rehearing, nor a petition for review.

These rules provide as follows:

"Rule 32.9(a): . . . *Any party* aggrieved by a final decision of the trial court in these proceedings may, within 10 days after the ruling of the court, move the court for a rehearing . . .

"Rule 32.9(c): . . . Upon denial of a motion for rehearing *any party* aggrieved may petition the appropriate Appellate Court for review of the actions of the trial court. . . ." (emphasis added)

In *State v. Gause,* 112 Ariz. 296, 541 P. 2d 396 (1975), the petitioner, who was the defendant in that case, filed a Rule 32 petition seeking a new trial. After denial of that relief by the trial court, petitioner filed a notice of appeal, without ever having moved for a rehearing. In its opinion dismissing the petitioner's appeal, the Supreme Court said, after quoting the above rules:

"Appellant filed neither a petition for rehearing nor a petition for review, but rather, as we noted above, proceeded by direct appeal from the denial of his motion. Appellant admits that he has not complied with Rule 32.9, but presents no valid reason for his noncompliance.

"Post-conviction relief pursuant to Rule 32 of the Rules of Criminal Procedure 1973 is a remedy separate and apart from the right to appeal. In pursuing post-conviction remedies, petitioner is limited to procedures set forth in the rule. Rule 32.9(a) specifically requires that the petitioner timely move the court for rehearing in order that the trial court have a last chance to correct any errors or omissions. This was not done. Upon denial of the motion for rehearing the petitioner may timely seek review in the appropriate appellate court as provided by Rule 32.9(c). This was not done.

"The purported appeal is dismissed." 541 P.2d at 397.

Appellee contends that *Gause* also applies to the State, and that in the absence of the required motion for rehearing, there is no further review permitted.

The State contends that *Gause* applies only to petitioners, that the State is always the respondent and never the petitioner, and that it has an absolute right to appeal from *any* order granting a new trial, under A.R.S. § 13–1712, which provides:

"§ 13–1712. Appeal by state

An appeal may be taken by the state from:

\*    \*    \*    \*    \*    \*

2. An order granting a new trial."

■ We find *Gause* indistinguishable from the present case and must agree with appellee's contention that the *Gause* rule applies to the State as well as to the defendant; and that the State has no right to appeal here, but instead should have followed the Rule 32 rehearing-petition for review route. First of all, the language of Rule 32 itself imposes these procedural requirements on "any party aggrieved by a final decision of the trial court." The plain wording of the rule provides the same method of review for either party. Secondly, our Supreme Court has held on several occasions that Rule 32 proceedings involve a separate and distinct procedure from that of the basic criminal action. *State v. Gause, supra; Noble v. State,* 109 Ariz. 537, 514 P.2d 458 (1973). In our opinion this is sufficient to remove such proceedings from the appeal provisions of A.R.S. § 13–1712, which the State considers mandatory. What the State has overlooked is that the only right of appeal

granted to either party in criminal cases is that extended by A.R.S. § 13–1711, which provides as follows:

"§ 13–1711. Right of appeal

The state, or any party to a prosecution by indictment or information, may appeal to the court of appeals as prescribed by law and in the manner provided by the rules of criminal procedure, except criminal actions involving crimes for which a sentence of death or life imprisonment has actually been imposed may only be appealed to the supreme court."

The provisions of § 13–1712 *limit* this right of appeal by the State to certain specified orders and rulings. A.R.S. § 13–1713[1] similarly limits the right of appeal by a defendant, but it does include the right of a defendant to appeal from an order denying a motion for a new trial. This latter statute was in effect at the time of *Gause*, yet the Supreme Court held that the defendant had no right to appeal from the order denying his motion for a new trial in his Rule 32 proceedings, but had to follow the Rule 32 procedure. The same result must follow with respect to the State. We therefore hold that the provisions of A.R.S. §§ 13–1711, 13–1712 and 13–1713 relate only to appeals from the basic criminal action and have no effect to review a decision in a post conviction proceeding under Rule 32, such a review being governed exclusively by the provisions of that rule.

The attempted appeal herein is dismissed.

SCHROEDER, and WREN, JJ., concurring.

1. § 13–1713. Appeal by defendant.
An appeal may be taken by the defendant only from:

1. A final judgment of conviction.
2. An order denying a motion for a new trial or denying a motion for an arrest of

judgment, or from an order made after judgment affecting the substantial rights of the party.

3. A sentence on the grounds that it is illegal or excessive.