554 P.2d 905

**STATE of Arizona, Appellee,**

v.

**James Arthur MITCHELL, Appellant.**

**No. I CA–CR 1541.**

Court of Appeals of Arizona,
Division 1,
Department B.

Aug. 12, 1976.

Rehearing Denied Sept. 14, 1976.

Review Denied Sept. 28, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

## OPINION

SCHROEDER, Judge.

This is a delayed appeal from appellant's robbery conviction upon a plea of no contest. The plea was entered in February of 1974, after the first day of trial had been completed. The trial court granted appellant permission pursuant to Rule 32, Rules of Criminal Procedure, to file a delayed appeal in September of 1975.

The State raises a preliminary jurisdictional question, contending that the appellant has invoked the wrong procedure for the taking of a delayed appeal. We issue this decision as a published opinion in order to remove any confusion which may exist as to the appropriate rule governing delayed appeals.

The appellant proceeded by means of a petition for post-conviction relief in the

trial court pursuant to the provisions of Rule 32, Arizona Rules of Criminal Procedure. These rules were originally promulgated in 1973, and were amended effective August 1, 1975. Prior to the promulgation of the new rules, Rule 16(a), Arizona Supreme Court Rules, governed procedures for delayed appeal. This rule required the filing of a motion and supporting affidavit in the appellate court, rather than the trial court.

The State's position here is that the provisions of Rule 16(a) still govern delayed appeals, and therefore this Court is without jurisdiction to entertain an appeal absent the granting of a motion by this Court. This position is without merit.

 The provisions of Rule 16(a), while never formally rescinded or repealed, have been wholly superseded by the provisions of the new criminal rules relating to post-conviction relief. Rule 31.3 of the new rules provides that "a notice of delayed appeal shall be filed within 20 days after service of an order granting a delayed appeal under Rule 32.1(f)." Rule 32.4 requires petitions for such an order to be filed with the superior court. The comments to Rule 32.1 in turn make it clear that the rule is intended to encompass all post-conviction remedies, including a motion for delayed appeal. The comment explains that Rule 32.1(f) "is based on Ariz. Sup.Ct.R. 16(a)" and that its scope is intended to be the same as Rule 16(a). The situation is analogous to implied repeal of legislation by passage of a later conflicting act. *See State ex rel. Purcell v. Superior Court,* 107 Ariz. 224, 485 P.2d 549 (1971). Accordingly, the provisions of Rule 32, Arizona Rules of Criminal Procedure, and not 16(a), Arizona Supreme Court Rules, now govern delayed appeals, and this Court has jurisdiction to consider the instant appeal.

Appellant raises three issues: (1) whether a written plea agreement was required; (2) whether a plea agreement was improperly accepted when the court failed to advise appellant of his right to confront witnesses and his right to remain silent; (3) whether the trial court was required to make an express determination of the matters contained in Rule 17.1(c) relating to no contest pleas.

Rule 17.4(b) requires that the terms of a plea agreement be reduced to writing and signed by the defendant and his counsel and the prosecutor. Our Supreme Court has held that where the parties agreed that a charge of a prior conviction would be dropped if the appellant pleaded guilty, the rule required that the terms of that agreement be reduced to writing in order to insure that all parties were fully aware of the exact terms of the agreement. *State v. Lee,* 112 Ariz. 283, 541 P.2d 383 (1975).

 In this case, appellant's offer to plead no contest was announced to the court by his counsel the morning after the first day of trial. The court ascertained from the appellant that no promises had been made to him. There is not the slightest indication in the record before the trial court, nor does appellant contend on appeal, that there was any agreement with the prosecutor in any form, either express or implied. Neither the language of the rule nor common sense dictates that there be a written plea agreement when the plea was not based on any agreement.

 Appellant next urges that the conviction should be reversed because the trial court, in accepting the plea, failed expressly to advise the defendant of his right to confront witnesses, and of his right to remain silent. However, the record does support a finding that the appellant was well aware of those rights when he submitted his plea, and the record is therefore adequate to support the conviction. *See State v. Darling,* 109 Ariz. 148, 506 P.2d 1042 (1973). Appellant was aware of his right to confront witnesses, for he was present at the trial the previous day and watched his lawyer cross-examine witness-

**312**

es for the State. With respect to the appellant's privilege against self-incrimination, the appellant had on the previous day heard one of the State's witnesses testify that he had advised the appellant of his right to remain silent. Moreover, appellant did not plead guilty, but pleaded no contest; the court carefully explained to appellant that by such a plea, he was not admitting guilt. The record also reflects that appellant understood that he did not have to plead no contest. Given all of these circumstances, we can find no reversible error in the court's acceptance of the plea.

Finally, appellant contends that the provisions of Rule 17.1(c) were not followed. That rule requires that a plea of no contest be accepted only after the court has considered "the views of the parties and the interest of the public in the effective administration of justice." Appellant argues that the court erred in failing to place its consideration of these factors on the record. However, neither the rule itself, nor the ABA *Standards Relating to Pleas of Guilty* § 1.1 (1968) upon which it is based, expressly requires a written or orally announced determination by the trial judge. In this case the appellant offered to enter the plea under circumstances which the trial court found to be voluntary. No objection was raised by the prosecution. Appellant suggests no specific facts which the trial court failed to take into account, or which would tend to show that the plea was not in the public interest. The parties and the court had already heard the State's principal witnesses. In this situation, we conclude that there was no violation of Rule 17.1(c), by the failure of the trial court to place in the record its reasons for acceptance of the plea.

Affirmed.

JACOBSON, P. J., and WREN, J., concur.