569 P.2d 316

**STATE of Arizona, Respondent,**

v.

**Frank John BENDER, Petitioner.**

**No. 1 CA–CR 2331–PR.**

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 13, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, Asst. Atty. Gen., Phoenix, for respondent.

Michael A. Miller, Phoenix, for petitioner.

## OPINION

WREN, Judge.

Petitioner Frank Bender was charged with kidnapping, rape, and the commission of lewd and lascivious acts arising from his abduction of and subsequent acts upon a fourteen year-old girl in Glendale, Arizona in October of 1975. Pursuant to a plea bargain petitioner pleaded guilty to the rape and lewd and lascivious crimes and the kidnapping count was dismissed. Concurrent sentences of not less than ten nor more than thirty years in the Arizona State Prison were imposed. On appeal this Court affirmed the judgments of conviction and sentences imposed. *State v. Bender* [Memorandum Decision, 1 CA–CR 1729 and 1 CA–CR 1730 (consolidated) filed November 26, 1976].

The instant Petition for Post-Conviction Relief was filed in March of 1976 and, pursuant to petitioner's motion, this Court stayed the pending appeals in order to permit the trial court to hold a prior evidentiary hearing and render a decision on this petitioner. On May 26, 1976, following the evidentiary hearing, the superior court made extensive findings of fact and conclusions of law and based thereon denied the relief requested. Petitioner's Motion for Rehearing was denied on June 4, 1976 and twenty-one days later petitioner filed a self-styled "Motion for Leave of Court to File a Delayed Petition for Review". The superior court granted this motion but the petition was not consolidated with the appeals subsequently decided.

This record does not contain the transcripts of the post-conviction relief hearing upon which petitioner relies in arguing that the trial court erroneously denied the relief sought. The only factual matters present are the trial court's findings upon which it based its decision that petitioner's guilty pleas were knowingly, intelligently and voluntarily made. However, even assuming that petitioner could sufficiently supplement the record to illustrate arguable error, we would be unable to grant relief since petitioner failed to comply with 17 A.R.S. Rules of Criminal Procedure, Rule 32.9(c) establishing our jurisdiction. Rule 32.9(c) requires a petition for review to be filed within ten days after the denial of the motion for rehearing. This was not done. Although the superior court entered an order permitting the filing of the petition for review after the expiration of the ten day time limit we find no authority for such action in a Rule 32 proceeding.

While the superior court has jurisdiction in a Rule 32 proceeding to authorize a late appeal from a conviction, *see* Comment, Rule 32.1(f); *State v. Mitchell*, 27 Ariz.App. 309, 554 P.2d 905 (1976); *State v. Stice*, 24 Ariz.App. 516, 540 P.2d 135 (1975), our Rules of Criminal Procedure do not presently provide the trial court with a corresponding power to authorize the filing of a delayed petition for review. *Compare* Rule 32.1 *with* Rule 32.8(d) *and* Rule 32.9(c). In the former case a defendant's constitutional and statutory rights to appeal are preserved, while in the latter case when the underlying conviction has been already affirmed this important consideration is not present. The distinction between the availability of post-conviction relief after a timely compliance with the filing provisions of Rule 32 in a collateral attack on a conviction as opposed to affording a defendant an initial review of his conviction or sentence through a delayed appeal was succinctly pointed out by Justice Holohan, writing for our Supreme Court in *State v. Gause*, 112 Ariz. 296, 297, 541 P.2d 396, 397 (1975), when he stated:

"Post-conviction relief pursuant to Rule 32 of the Rules of Criminal Proce-

dure 1973 is a remedy separate and apart from the right to appeal. In pursuing post-conviction remedies, petitioner is limited to procedures set forth in the rule. Rule 32.9(a), specifically requires that the petitioner timely move the court for rehearing in order that the trial court have a last chance to correct any errors or omissions. This was not done. Upon denial of the motion for rehearing the petitioner may *timely seek review* in the appropriate appellate court *as provided by* Rule 32.9(c). This was not done.

The purported appeal is dismissed." (Emphasis added.)

*See also, State v. Stelter*, 25 Ariz.App. 303, 543 P.2d 141 (1975); *cf. State v. White*, 27 Ariz.App. 213, 553 P.2d 246 (1976). We find no authority in our Rules of Criminal Procedure for the trial court's order purportedly permitting the late filing of the petition for review. We also note that those same rules are barren of authority for this Court to suspend the Rule 32.9(c) time limits. For the reasons stated in *State v. Gause*, supra, our authority under Rule 31.20 to suspend the appeal time limits does not extend to post-conviction proceedings. *Compare State v. Mitchell*, 27 Ariz.App. 309, 554 P.2d 905 (1976); *State v. Parra*, 27 Ariz.App. 756, 558 P.2d 951 (1976).

We are of the opinion that the trial court's order permitting the filing of the delayed petition for review did not preserve the vitality of petitioner's post-conviction collateral attack on his conviction and sentence because the failure to timely file a petition for review extinguished this Court's jurisdiction to entertain the petition. Accordingly this factual situation falls squarely within the holding of *State v. Gause*, supra, requiring the denial of the relief requested for failure of petitioner to preserve our jurisdiction by a timely filing of his petition for review.

Petition for review dismissed.

EUBANK, J., concurs.

SCHROEDER, Presiding Judge, specially concurring.

I concur in the result. Although rigid enforcement of the short time limitations of Rule 32 could conceivably result in serious injustice in some cases, there has been none here.