635 P.2d 861

**STATE of Arizona, Respondent,**

v.

**Keith POPE, Petitioner.**

**1 CA–CR 4853–PR.**

Court of Appeals of Arizona, Division 1, Department B.

May 20, 1981.

Rehearing Denied May 14, 1981.

Review Granted June 9, 1981.

Charles F. Hyder, Former Maricopa County Atty. by Lyle R. Huffman, Deputy County Atty., Phoenix, for respondent.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for petitioner.

HAIRE, Presiding Judge.

On this petition for review of the trial court's order denying relief in a post-conviction relief proceeding, we have determined that the petition must be dismissed for lack of jurisdiction.

On April 3, 1980, the trial court entered its minute entry order denying petitioner's petition for post-conviction relief. This order was received by the Maricopa County Public Defender's office on April 7, 1980. However, due to misfiling and the failure of

a clerical employee to follow established office procedures, the order did not come to the attention of the public defender representing petitioner until May 6, 1980, well beyond the time allowed for the filing of a motion for rehearing by Rule 32.9(a), Rules of Criminal Procedure, 17 A.R.S. *See State v. Savage*, 117 Ariz. 535, 573 P.2d 1388 (1978); *State v. Byers*, 126 Ariz. 139, 613 P.2d 299 (App.1980).

On May 12, 1980, the public defender filed a "Motion for Leave to File Delayed Motion for Rehearing", supported by affidavits setting forth the above facts. After considering the public defender's motion and the uncontroverted affidavits, the trial judge found that petitioner and his counsel were without fault in failing to timely file the motion for rehearing, and allowed the filing of the delayed motion for rehearing. The trial court then proceeded to consider the motion for rehearing and denied it on its merits. After the entry of the trial court's order denying the motion for rehearing, petitioner filed a timely petition for review by this court. The jurisdictional question thus presented is whether a trial judge may, and for good cause shown, allow the filing of a delayed motion for rehearing in post-conviction relief proceedings.

Prior decisions of the Arizona courts have clearly established that the timely filing of the motion for rehearing required by Rule 32.9(a) and a petition for review in accordance with the provisions of Rule 32.9(c), are jurisdictional prerequisites to review by this court of trial court dispositions in post-conviction relief proceedings. *See State v. Gause*, 112 Ariz. 296, 541 P.2d 396 (1975) *cert. den.* 425 U.S. 915, 96 S.Ct. 1515, 47 L.Ed.2d 766 (1976); *State v. Bender*, 116 Ariz. 374, 569 P.2d 316 (App.1977); *State v. Stelter*, 25 Ariz.App. 303, 543 P.2d 141 (1975); and *State v. Grange*, Ariz., 635 P.2d 857 (1981).

Review by this court of post-conviction relief proceedings is governed by the provisions of Rule 32, Rules of Criminal Procedure, 17 A.R.S., and this court's jurisdiction in that regard is not commensurate with its appellate jurisdiction pursuant to Rule 31. In *State v. Gause, supra*, the Arizona Supreme Court stated:

"Post-conviction relief pursuant to Rule 32 of the Rules of Criminal Procedure 1973 is a remedy separate and apart from the right to appeal. In pursuing post-conviction remedies, petitioner is limited to procedures set forth in the rule. Rule 32.9(a) specifically requires that the petitioner timely move the court for rehearing in order that the trial court have a last chance to correct any errors or omissions."

112 Ariz. at 297, 541 P.2d at 397.

■ As indicated in *State v. Gause*, the limiting of post-conviction relief remedies to the procedures set forth in Rule 32 makes the provisions of Rule 31 unavailable in post-conviction relief proceedings. This limitation is of particular importance in this proceeding because Rule 32, unlike Rule 31 governing regular criminal appeals, contains no provision authorizing the court to suspend the filing time requirements for motions for rehearing and petitions for review in post-conviction relief proceedings.[1] Although none of the above-cited decisions specifically involved the authority of the trial court to permit a "delayed motion for rehearing", *State v. Bender, supra*, considered the trial court's authority to permit a delayed petition for review in post-conviction relief proceedings. In holding that the delayed petition for review must be dismissed, this court stated:

"While the superior court has jurisdiction in a Rule 32 proceeding to authorize a late appeal from a conviction, *see* Comment, Rule 32.1(f); *State v. Mitchell*, 27 Ariz.App. 309, 554 P.2d 905 (1976); *State v. Stice*, 24 Ariz.App. 516, 540 P.2d 135 (1975), our Rules of Criminal Procedure do not presently provide the trial court

---

1. *See State v. Herber*, 121 Ariz. 374, 590 P.2d 913 (1979) (holding that the provisions of Rule 31.20 authorize the suspension of the time requirements for the filing of motions for rehearing and petitions for review in regular criminal appeals); *see also, State v. Parra*, 27 Ariz.App. 756, 558 P.2d 951 (1976) (applying Rule 31.20 so as to extend the time for the filing of a notice of appeal in a regular criminal appeal).

**270**

with a corresponding power to authorize the filing of a delayed petition for review.

\* \* \* \* \* \*

"We also note that those same rules are barren of authority for this Court to suspend the Rule 32.9(c) time limits. For the reasons stated in *State v. Gause*, supra, our authority under Rule 31.20 to suspend the appeal time limits does not extend to post-conviction proceedings." 116 Ariz. at 375, 376, 569 P.2d at 317, 318. The above reasoning is equally applicable to petitioner's motion filed in the trial court requesting permission to file a delayed motion for rehearing, and the motion should have been denied.

█ Inasmuch as the timely filing of a motion for rehearing is a jurisdictional prerequisite to further review by this court in post-conviction relief proceedings, *State v. Gause, supra*, the petition for review is dismissed.

JACOBSON and EUBANK, JJ., concur.