635 P.2d 846

**STATE of Arizona, Respondent,**

v.

**Keith POPE, Petitioner.**

No. 5324–PR.

Supreme Court of Arizona, In Banc.

Oct. 6, 1981.

Charles F. Hyder, Former Maricopa County Attorney, Thomas E. Collins, Maricopa County Atty. by Lyle R. Huffman, Deputy County Atty., Phoenix, for respondent.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for petitioner.

CAMERON, Justice.

The Court of Appeals, Division One, 635 P.2d 861, dismissed defendant's petition for review of a Rule 32 proceeding in the trial court. We granted defendant's petition for review of the dismissal by the Court of Appeals. We have jurisdiction pursuant to Rule 31.19, Rules of Criminal Procedure, 17 A.R.S.

We must answer only one question and that is whether the time limits for the filing of a motion for rehearing pursuant to Rule 32.9(a) of the Rules of Criminal Procedure, 17 A.R.S., are jurisdictional.

The facts necessary to a determination of this issue are as follows. On 25 January 1980, defendant, Keith Pope, filed a petition for post-conviction relief seeking credit on his sentence for presentence incarceration. The trial court denied the petition by minute entry order on 3 April 1980, and the records division of the Maricopa County Public Defender's Office received the order on 7 April. The deputy public defender representing defendant did not become aware of the trial court's order, however, until 6 May 1980, due to a clerical employee's failure to properly forward the order.

On 12 May 1980, the public defender filed a "Motion for Leave to File Delayed Motion for Rehearing." The trial judge, after considering the motion and uncontroverted affidavits submitted by defense counsel and her supervisor, granted the motion. The trial court found that:

" * * * the defendant was without fault in failing to file a pro per motion for Rehearing, since that was the duty of his court-appointed counsel. The Court further finds defense counsel, Anne Kappes, was without fault in relying on the records room to deliver the minute entry relating to the disposition of the Petition. The Court further finds defense counsel, Anne Kappes, was without fault in failing to file a timely Motion for Rehearing, since she did not find out about the petition's denial until after the time limit had run."

Subsequently, the trial court denied the motion for rehearing, and defendant filed a petition for review pursuant to Rule 32.9(c). The Court of Appeals, Division One, dismissed the petition for lack of jurisdiction because of the untimeliness of the motion for rehearing, the court stating:

"Prior decisions of the Arizona courts have clearly established that the timely filing of the motion for rehearing required by Rule 32.9(a) and a petition for review in accordance with the provisions of Rule 32.9(c), are jurisdictional prerequisites to review by this court of trial court dispositions in post-conviction relief proceedings. * * * " *State v. Pope*, Ariz., 635 P.2d 861, 862 (App.1981).

The relevant rule of criminal procedure provides:

"a. Motion for Rehearing; Response; Reply. Any party aggrieved by a final decision of the trial court in these proceedings may, within 10 days after the ruling of the court, move the court for a rehearing setting forth in detail the grounds wherein it is believed the court erred. There shall be a response filed within 10 days and reply within 10 days." Rule 32.9(a), Rules of Criminal Procedure, 17 A.R.S.

The Court of Appeals has consistently held that the time limits of Rule 32.9, supra, are jurisdictional. *State v. Byers*, 126 Ariz. 139, 613 P.2d 299 (App.1980); *State v. Salazar*, 122 Ariz. 404, 595 P.2d 196 (App.1979);

*State v. Bender*, 116 Ariz. 374, 569 P.2d 316 (App.1977); *State v. Stelter*, 25 Ariz.App. 303, 543 P.2d 141 (1975). All of these cases are premised upon our decision in *State v. Gause*, 112 Ariz. 296, 541 P.2d 396 (1975), *cert. denied* 425 U.S. 915, 96 S.Ct. 1515, 47 L.Ed.2d 766 (1976). In that case we stated:

> "Appellant admits that he has not complied with Rule 32.9, but presents *no valid reason* for his non-compliance.
>
> "Post-conviction relief pursuant to Rule 32 of the Rules of Criminal Procedure 1973 is a remedy separate and apart from the right to appeal. In pursuing post-conviction remedies, petitioner is limited to procedures set forth in the rule. Rule 32.9(a) specifically requires that the petitioner timely move the court for rehearing in order that the trial court have a last chance to correct any errors or omissions." 112 Ariz. at 297, 541 P.2d at 397. (emphasis supplied)

■ Admittedly, this language is supportive of the position taken by the Court of Appeals that the time limits of Rule 32.9 are jurisdictional. We believe, however, that if a "valid reason for * * * non-compliance" is present, then, as here, the trial court may, after being presented with proper evidence, allow a late filing of the papers. The time limits, then, are not jurisdictional. This view is consistent with the purposes of the rule as stated in Rule 1:

> "These rules are intended to provide for the just, speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, the elimination of unnecessary delay and expense, and to protect the fundamental rights of the individual while preserving the public welfare." Rule 1.2, Rules of Criminal Procedure, 17 A.R.S.

As we have stated:

> " 'Realistically, rules are simply directives to lawyers as to how to proceed in order best to assist the court in the economical and just determination of claims. To decline to hear a claim because rules designed to insure its just determination have been violated must always be the last, desperate refuge of the courts, to be reserved for cases in which the violation is destructive of the rights of others or of the ability of the courts to function.' Moore's Federal Practice, Vol. 9 at pages 604, 605." *State v. Herber*, 121 Ariz. 374, 376, 590 P.2d 913, 915 (1979).

Allowing a late filing under the circumstances of this case does not, we believe, constitute a threat to the rights of others nor unduly burden the court. There is no indication that the State was prejudiced by the delay in the filing of the motion for rehearing, or that the trial court was deprived of a "last chance to correct any errors or omissions." *State v. Gause, supra*, 112 Ariz. at 297, 541 P.2d at 397.

This case is similar to a long-standing civil case involving a default entered as the result of the failure of the secretary of a large law firm to notify the attorney of the time of filing a responsive pleading. In ordering the default to be set aside, we stated:

> "It seems to us that in a large law firm, with many lawsuits in the various courts, the problem of determining the respective times within which appearances must be made is one that reasonably requires the services of a secretary whose duty it is to keep informed as to the status of all litigation and in turn remind the attorneys of the condition of the calendar with respect to the cases being handled by them. Such a system is conducive to efficiency and the elimination of mistakes and oversights. When the conditions warrant the operation of this system, absent some showing of inefficiency or undependability of the secretary, the attorneys should be justified in assuming that they will be properly informed concerning the status of their cases. Any reasonable person under such circumstances would place reliance upon the proper performance of the services of such a secretary. If through some inadvertent clerical error the lawyer is not informed, his conduct resulting therefrom we believe is excusable." *Coconino Pulp and Paper Company v. Marvin*, 83 Ariz. 117, 120–21, 317 P.2d 550, 552 (1957).

**256**

It would appear that in the instant case the public defender's office is no different than the law firm in *Coconino Pulp and Paper Company v. Marvin*, supra, and that the "big firm rule" in civil cases can apply to the public defender's office in criminal cases. The failure of the secretary to forward the order to the attorney was a "valid reason for * * * non-compliance" with the time limit specified in Rule 32.9(a).

We hold that defendant's motion for rehearing was properly filed. See *State v. Montez*, 102 Ariz. 444, 432 P.2d 456 (1967). So much of *Byers*, supra; *Salazar*, supra; *Bender*, supra; and *Stetler*, supra, which hold that the time limits of Rule 32.9 are jurisdictional are, by this opinion, overruled.

In so holding, we would remind the bench and bar that the party asserting a valid reason for non-compliance with the time requirements has a heavy burden in showing the court why the non-compliance should be excused. Mere inadvertence or neglect on the part of a party will not be considered a valid reason for allowing a party to avoid the strict time limits of Rule 32.

The decision and opinion of the Court of Appeals, Division One, is vacated, and the petition for review is reinstated. Inasmuch as the file is already in this court, we will retain jurisdiction for the purpose of a decision on the merits.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.