**Doub BINFORD, Petitioner–Appellant,**

v.

**William RHODE; Grant Woods, Attorney General, Respondents–Appellees.**

No. 96–15189.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 1997.

Decided June 19, 1997.

Before: ALARCON, CANBY and TASHIMA, Circuit Judges.

In his 28 U.S.C. § 2254 petition, Binford raised four claims. This order pertains to two of those claims, specifically that Binford's plea was unintelligent and his trial counsel ineffective. Binford raised these claims in a Rule 32 petition, but never petitioned the Arizona Court of Appeals for review after the claims were denied by the trial court.[1]

We are uncertain whether state law now precludes Binford from fairly presenting these claims. If so, then absent cause and prejudice or a fundamental miscarriage of justice, federal review of these claims would be barred. *See Coleman v. Thompson,* 501 U.S. 722, 735 n. 1, 750, 111 S.Ct. 2546, 2557 n. 1, 2565, 115 L.Ed.2d 640 (1991); *see also Johnson v. Lewis,* 929 F.2d 460, 462–64 (9th Cir.1991). Because this issue raises an important question of state law, we certify this question to the Arizona Supreme Court pursuant to Ariz.Rev.Stat. § 12–1861 (West 1994) and Ariz. Sup.Ct. R. 27 (West 1986 & Supp.1996). *See Torres v. Goodyear Tire & Rubber Co.,* 867 F.2d 1234, 1237–39 (9th Cir. 1989).

## STATEMENT OF FACTS

In 1988, Binford pleaded no contest to second degree murder and first degree burglary. Binford later moved to withdraw his plea. His motion was denied. On direct appeal, counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Binford did not file a pro se brief. The Arizona Court of Appeals affirmed the judgment. Binford did not petition the Arizona Supreme Court for review.

In 1992, Binford filed a state post-conviction petition pursuant to Ariz. R.Crim. P. 32. He raised three claims: his trial counsel was ineffective; his plea was unintelligent; and

---

1. In 1995, in a habeas corpus petition before the Arizona Supreme Court, Binford contended that trial counsel was ineffective and his plea invalid. Presentation of a claim by a habeas corpus petition directed to the Arizona Supreme Court does not exhaust state remedies for federal habeas corpus purposes. *See Roettgen v. Copeland,* 33 F.3d 36, 38 (9th Cir.1994); *see also Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989).

his sentence on the burglary count was illegal. At a hearing, the state superior court ordered Binford resentenced on the burglary count and tentatively denied relief on the other claims. In the superior court minutes, the court indicated it would rule on its tentative decisions at the resentencing and the parties stipulated that the time to petition for review would run from the date of the resentencing. On September 24, 1993, the state trial court resentenced Binford and denied all other relief.

On October 12, 1993, counsel filed a notice of appeal from the resentencing. Neither counsel nor Binford filed a petition for review from the denial of Binford's ineffective assistance and unintelligent plea claims. On January 7, 1994, in state superior court, Binford filed a "motion for review" of the order denying his ineffective assistance of trial counsel and unintelligent plea claims. The state superior court denied the motion.

In the direct appeal from the resentencing, counsel filed an *Anders* brief on May 4, 1994 and Binford filed a supplemental pro se brief on July 5, 1994. Binford's pro se brief, filed in his direct appeal from the resentencing, attempted to challenge the superior court's denial of his ineffective assistance and unintelligent plea claims. After concluding that Binford's appeal was limited to the resentencing, the Arizona Court of Appeals affirmed the judgment. The Arizona Court of Appeals added that Binford's ineffective assistance and plea claims previously had "been argued, and disposed of, in [Binford's] previous appeal and his petition for post-conviction relief." Binford petitioned the Arizona Supreme Court for review which was denied.

## QUESTIONS OF LAW

Whether the Arizona courts now bar Binford from raising his ineffective assistance of trial counsel and unintelligent plea claims

appears to turn on Ariz. R.Crim. P. 32.4 and Ariz. R.Crim. P. 32.2.

### A. *Arizona's Timeliness Rule*

Before 1992, Rule 32 petitions could be filed at any time. *See* Ariz. R.Crim. P. 32.4(a) (West 1992). Since 1992, Arizona's timeliness rule requires that Rule 32 proceedings be initiated within ninety days of the entry of judgment and sentence or within thirty days of the order and mandate affirming the judgment and sentence on direct appeal. *See* Ariz. R.Crim. P. 32.4(a) (West 1996); *see also* Ariz.Rev.Stat. § 13–4234(G) (West 1996) (untimely petitions ordinarily are dismissed with prejudice for lack of jurisdiction).[2] "Any notice not timely filed may only raise claims pursuant to Rule 32.1(d),(e),(f) or (g)." *See* Ariz. R.Crim. P. 32.4(a) (West 1993, 1996); *see also* Ariz.Rev.Stat. §§ 13–4232(B), 13–4231(4),(5),(6),(7) (West 1996).

### B. *Arizona's Rule of Preclusion*

Arizona's rule of preclusion generally bars relief based on grounds (1) finally adjudicated on the merits on appeal or in any previous collateral proceeding; or (2) waived at trial, on appeal, or in any previous collateral proceeding. *See* Ariz. R.Crim. P. 32.2(a)(2),(3) (West 1996); Ariz.Rev.Stat. §§ 13–4232(A)(2),(3) (West 1996); *see also* Ariz. R.Crim. P. 32.9(c) (petition for review must be filed within thirty days of date trial court rules on Rule 32 petition).

Before 1992, Arizona's rule of preclusion provided for exceptions for claims raised pursuant to Rule 32.1(d),(e), or (g). *See* Ariz. R.Crim. P. 32.2(b) (West 1992); *State v. Sandon*, 161 Ariz. 157, 777 P.2d 220, 221 (1989) (en banc) (claims finally adjudicated on their merits in previous Rule 32 proceeding are no longer open to substantive review absent allegations pursuant to Rule 32.1(d),(e), or (g)).[3] In 1992, Rule 32.1(f) was added as an

---

2. *But see State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357, 1360 (App.1995) (within thirty days of the order and mandate affirming the trial court's denial of the first Rule 32 petition, pleading defendants may file a second Rule 32 petition challenging post-conviction counsel's effectiveness during proceedings on the first Rule 32 petition); *State v. Prince*, 1996 WL 91519 at *7 (Ariz.App.1996) (Thompson, J., dissenting from

grant of partial relief) (insisting that petitioner's claim is barred by Ariz. R.Crim. P. 32.4(a)).

3. *See also White v. Lewis*, 874 F.2d 599, 601–02 (9th Cir.1989) (White procedurally defaulted on his claims in state court when he failed to petition for review from a Rule 32 denial); *Tacho v. Martinez*, 862 F.2d 1376, 1379 (9th Cir.1988) (Tacho procedurally defaulted when he failed to

additional exception to Arizona's general rule of preclusion. *See* Ariz. R.Crim. P. 32.2(b) (West 1993).

### C. *Exceptions to Preclusion Rule and Timeliness Bar*

Both Arizona's timeliness rule and its rule of preclusion permit exceptions pursuant to Rule 32.1(d),(e),(f) or (g). *See* Ariz. R.Crim. P. 32.2(b), 32.4(a) (West 1996). Thus, belated claims are not precluded if based on allegations that: the person is being held in custody after his sentence has expired, *see* Rule 32.1(d); newly discovered evidence probably would have changed the verdict or sentence, *see* Rule 32.1(e); the defendant's failure to appeal from the judgment or sentence within the prescribed time was without fault on the defendant's part, *see* Rule 32.1(f); or there has been a significant change in the law that would probably overturn defendant's conviction or sentence, *see* Rule 32.1(g).

### D. *Binford's Claims*

Binford neither filed a petition for review from the denial of his ineffective assistance of trial counsel and unintelligent plea claims nor filed a second Rule 32 petition challenging post-conviction counsel's effectiveness. Consequently, he never timely challenged the trial court's denial of his ineffective assistance and unintelligent plea claims. *See* Ariz. R.Crim. P. 32.4(a), 32.9(c) (West 1996); *see also Pruett*, 912 P.2d at 1360.

Binford's unintelligent plea and ineffective assistance claims do not implicate exceptions 32.1(d),(e), or (g). However, we are uncertain whether Binford may be able to file an untimely petition pursuant to Ariz. R.Crim. P. 32.1(f).

Rule 32.1(f) provides that a person convicted of or sentenced for a criminal offense may institute a proceeding to secure relief on the grounds that "the defendant's failure to appeal from the judgment, sentence, or both within the prescribed time was without fault on the defendant's part." *See* Ariz. R.Crim. P. 32.1(f) (West 1996). Because Rule 32.1(f) refers to a "defendant's" failure to file a timely "appeal," it could be argued that Rule 32.1(f) cannot be invoked by Rule 32 petitioners whose failure to petition for review was without fault on their part. Rule 32, however, repeatedly refers to "defendant" rather than "petitioner." *See* Ariz. R.Crim. P. 32.1(g), 32.2(a), 32.2(a)(3) (comment), 32.4(a),(c),(d), 32.5, 32.6, 32.7, 32.8. In addition, Rule 32.2(b) expressly provides that Rule 32.1(f) claims may be raised in a successive or untimely petition. *See* Ariz. R.Crim. P. 32.2(b) (West 1996).[4]

■ Federal review of Binford's unintelligent plea and ineffective assistance of trial counsel claims is barred only if a mandatory rule of state law precludes Binford from raising these claims at this date. *See Johnson*, 929 F.2d at 462–64; *cf. Coleman*, 501 U.S. at 735 n. 1, 111 S.Ct. at 2557 n. 1. If Binford still may raise these claims in state court, they are not barred from ultimate federal review, but first must be exhausted in state court. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982).

Since Rule 32.2(b) was amended, the Arizona appellate courts have not addressed whether Rule 32.1(f) may be invoked by a Rule 32 petitioner whose failure to file a timely petition for review arguably was (1) attributable to counsel and (2) "without fault on the defendant's part."

---

raise claims in state Rule 32 proceedings); *cf. State v. Bender*, 116 Ariz. 374, 569 P.2d 316, 317 (App.1977) ("[w]hile the superior court has jurisdiction in a Rule 32 proceeding to authorize a late appeal from a conviction, our Rules of Criminal Procedure do not presently provide the trial court with a corresponding authority to authorize the filing of a delayed petition for review"). *Bender, Tacho,* and *White* were decided before Rule 32 was amended in 1992.

**4.** Rule 32.2(b) provides:

Rule 32.2(a) shall not apply to claims for relief based on Rules 32.1(d),(e),(f) and (g). When a claim under Rules 32.1(d),(e),(f) or (g) is raised in a successive or untimely petition, the petition must set forth the reasons for not raising the claim in a previous petition or in a timely manner. If meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner, the petition shall be summarily dismissed.

■ We find that questions of state law may be determinative of the claims currently pending in this court. We additionally find that there is no controlling precedent in the decisions of the Arizona Supreme Court or in the Arizona Courts of Appeals. Pursuant to Ariz.Rev.Stat. § 12–1861 (West 1994) and Arizona Supreme Court Rule 27 (West 1988 & Supp.1996), we accordingly certify the following two questions to the Arizona Supreme Court:

(1) May Binford raise his ineffective assistance of trial counsel and unintelligent plea claims by alleging, pursuant to Rule 32.1(f), that the failure to file a timely petition for review was without fault on his part?

(2) Does any mandatory rule of state law bar Binford from raising his ineffective assistance of trial counsel and unintelligent plea claims at this date?

We respectfully request the Arizona Supreme Court to exercise its discretionary authority under Arizona Supreme Court Rule 27 to accept and decide these questions. Our phrasing of the questions should not restrict the Court's consideration of the problems and issues involved. If the Arizona Supreme Court declines certification, it should so state, and we will resolve the issues according to our perception of Arizona law.

The Clerk of this court will file with the Arizona Supreme Court an original and six certified copies of this order and a list of the counsel appearing in this matter along with their addresses and telephone numbers. *See* Ariz. S.Ct. R. 27(a)(3)(D), (a)(4). The Arizona Supreme Court may supplement the record in any way it believes appropriate to enable it to answer the certified questions. *See* Ariz. S.Ct. R. 27(a)(5). Any court fees and costs incurred in state proceedings shall be paid by Respondents. *See* Ariz. S.Ct. R. 27(a)(3)(D). The panel otherwise retains jurisdiction over this appeal.

QUESTIONS CERTIFIED.