NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ANGEL RODRIGUEZ HERNANDEZ, *Petitioner*.

No. 1 CA-CR 15-0321 PRPC

FILED 2-9-2017

Petition for Review from the Superior Court in Maricopa County
Nos. CR2002-014878, CR2012-156188-001
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Angel Rodriguez Hernandez, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Paul J. McMurdie joined.

**J O N E S,** Judge:

¶1 Angel Hernandez petitions this court for review from the denial of both his "Motion to Reopen Rule 32/PCR Proceedings" and his motion for reconsideration. Hernandez pled guilty to two counts of aggravated driving under the influence in two separate cases. Hernandez initiated consolidated post-conviction relief of-right proceedings in the two cases, but failed to comply with the superior court's order to file a *pro se* petition after his counsel found no colorable claims for relief. Nearly five months after the court dismissed the proceedings, Hernandez filed a consolidated motion to "reopen" them. He argued the failure to file a *pro se* petition was not his fault, because the inmate who was helping him write the petition had been transferred. The court denied both motions.

¶2 In his petition for review, Hernandez continues to argue his failure to file a timely petition for post-conviction relief was caused by the transfer of his fellow prisoner. He further presents various claims of ineffective assistance of counsel.

¶3 Assuming *arguendo* that Hernandez seeks review of "the final decision of the trial court on [a] petition for post-conviction relief or [a] motion for hearing" pursuant to Arizona Rule of Criminal Procedure 32.9(c), we deny relief. The superior court provided Hernandez written notices of his rights of review that explained what he must do to seek post-conviction relief. The court later gave Hernandez written notice of the deadline to file his *pro se* petition for post-conviction relief. Hernandez has failed to present a colorable claim that the failure to file a timely petition was not his fault. *See State v. Bortz*, 169 Ariz. 575, 577 (App. 1991) (denying relief upon review of the trial court's denial of post-conviction relief where petitioner failed to meet the "heavy burden in showing the court why the non-compliance [with the timelines set forth in Rule 32.9] should be excused") (citing *State v. Pope*, 130 Ariz. 253, 255 (1981)). Moreover, we do not review Rule 32 proceedings for fundamental error. *State v. Swoopes*, 216 Ariz. 390, 403, ¶¶ 41-42 (App. 2007).

¶4 Accordingly, we grant review but deny relief.

