NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

NICOLA PARISE, IV, *Petitioner*.

No. 1 CA-CR 24-0601 PRPC

FILED 04-03-2025

Petition for Review from the Superior Court in Maricopa County
No. CR2017-001905-001
The Honorable Katherine Cooper, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Nicola Parise, IV, Eloy
*Petitioner*

**MEMORANDUM DECISION**

Judge Andrew M. Jacobs delivered the decision of the Court, in which
Presiding Judge Cynthia J. Bailey and Vice Chief Judge Randall M. Howe
joined.

**J A C O B S**, Judge:

¶1        Nicola Parise, IV petitions this Court to review the superior court's denial of post-conviction relief under Arizona Rule of Criminal Procedure 32.1.  We grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2        After a trial in May 2021, a jury convicted Parise of ten offenses: one count of conspiracy to commit sale or transportation of marijuana, one count of illegally conducting an enterprise, one count of possession of marijuana for sale, five counts of sale or transportation of marijuana, and two counts of money laundering in the second degree.  The superior court later sentenced Parise to ten concurrent prison terms totaling eleven years.  On direct review, this Court affirmed his convictions and sentences.  *See State v. Parise*, 1 CA-CR 21-0333, 2022 WL 3452572, at *1 ¶ 1 (Ariz. App. Aug. 18, 2022) (mem. decision).

¶3        Parise later petitioned the superior court for post-conviction relief, raising three claims of ineffective assistance of counsel.  As a basis for these claims, Parise alleged counsel failed to: (1) call two witnesses; (2) move to preserve law enforcement's video camera evidence; and (3) adequately prepare Parise for trial.  On July 3, 2024, the superior court dismissed the petition, concluding that Parise "fail[ed] to demonstrate a colorable claim of ineffective assistance of counsel."

¶4        Parise petitioned this Court to review the dismissal on October 31, 2024.  Although he failed to timely file his petition, we nevertheless grant review.  *See* Ariz. R. Crim. P. 32.16(a)(1) (establishing a 30-day deadline after entry of the superior court's final decision for a party to file a petition for review); *State v. Pope*, 130 Ariz. 253, 255 (1981) (explaining time limits are not jurisdictional in post-conviction relief proceedings).  We have jurisdiction.  *See* Ariz. R. Crim. P. 32.16; A.R.S. § 13-4239; Ariz. Const. art. 6, § 9.

## DISCUSSION

¶5        We review the superior court's denial of post-conviction relief for an abuse of discretion.  *State v. Escareno-Meraz*, 232 Ariz. 586, 586 ¶ 1 (App. 2013).  The petitioner bears the burden to show the court abused its discretion by denying a petition for post-conviction relief.  *State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011).  A petition to review the denial of post-conviction relief is limited to issues the superior court decided.  *See* Ariz. R.

Crim. P. 32.16(c)(2)(B). We will not consider issues the superior court did not decide. *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980).

**¶6** Parise petitions us to review claims he has not presented to the superior court, including challenges to subject matter jurisdiction and illegally obtained evidence. But even if Parise had raised his challenge to subject matter jurisdiction before the superior court, that argument fails because the court has jurisdiction over alleged felony crimes in Arizona, like Parise's case here. *See* Ariz. Const. art. 6, § 14(4).

**¶7** Ultimately, none of Parise's arguments relate to the superior court's dismissal of his ineffective assistance of counsel claims in his petition for post-conviction relief. Because that is all he is allowed to raise (and all we are allowed to consider), Parise has failed to meet his burden of showing the superior court abused its discretion by dismissing his petition.

## CONCLUSION

**¶8** We grant review but deny relief.

