967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond Earl RIGSBY, Petitioner-Appellant,
v.
John AVENENTI, Respondent-Appellee.
 No. 91-15756.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 23, 1992.*
Decided June 26, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Raymond Earl Rigsby, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. Rigsby contends that the district court erred by determining that federal review of his claims was barred because of a state procedural default. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 * PROCEDURAL BACKGROUND
 
 
 4
 Rigsby is currently serving a life sentence, which was imposed in 1986 when he was convicted of armed robbery. In his habeas petition, Rigsby challenged the prior convictions that were used to enhance his current sentence to life imprisonment. The pertinent facts are as follows.
 
 
 5
 In August 1981, Rigsby pleaded guilty to theft and attempted escape and was sentenced to a one-year jail term and three years probation. In November 1981, Rigsby was charged with three counts of trafficking in stolen property. In December 1981, he was sentenced to a seven-year prison term for violating probation. In January 1982, Rigsby filed a petition for post-conviction relief under Arizona R.Crim.P. 32 ("Rule 32"), in which he challenged his convictions for theft and attempted escape. The trial court appointed counsel to represent Rigsby in the Rule 32 proceeding.
 
 
 6
 Meanwhile, in March 1982, trial began on the charge of trafficking in stolen property; the trial judge subsequently declared a mistrial.
 
 
 7
 On June 11, 1982, pursuant to stipulation of counsel, the trial court granted Rigsby's Rule 32 petition and remanded for trial on the theft and attempted escape charges.
 
 
 8
 On July 9, 1982, however, Rigsby entered a second guilty plea to these charges, and he pleaded guilty to the charge of trafficking in stolen property. The trial court sentenced him to concurrent, aggravated terms of seven years on the trafficking and theft charges and a concurrent one-and-a-half year term on the attempted escape charge.
 
 
 9
 In September 1982, Rigsby filed pro se a Rule 32 petition for post-conviction relief, in which he challenged his July 1982 guilty pleas. In October 1982, an attorney (who apparently had been appointed to represent Rigsby) filed a supplement to the Rule 32 petition. This supplement raised the following grounds for relief:
 
 
 10
 (a) The State, through its agents the Phoenix Police, used false police reports to charge and convict [Rigsby] and said falsity was within the knowledge of the prosecutor.
 
 
 11
 (b) [Rigsby] was denied his right to represent and to defend himself after making said request to the Court.
 
 
 12
 (c) [Rigsby] was denied a speedy trial.
 
 
 13
 (d) [Rigsby] was denied his right to counsel by being forced to trial with a lawyer whom he had requested the Court to be relieved from his case.
 
 
 14
 (e) [Rigsby] was forced into a plea bargain because of the denial of the aforesaid rights and his fourteen month pre-trial incarceration and said plea was not knowingly, voluntarily, and intelligently entered into by [Rigsby].
 
 
 15
 (f) [Rigsby] was denied his right to appeal.
 
 
 16
 On November 18, 1982, the trial court denied the Rule 32 petition. Rigsby's attorney filed a motion for rehearing, which the trial court denied on December 13, 1982. On December 16, 1982, Rigsby's attorney filed a petition for review by the Arizona Court of Appeals pursuant to Rule 32.9(c).
 
 
 17
 Meanwhile, on December 1, 1982, another attorney representing Rigsby on direct appeal filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). The Anders brief raised four arguable issues: (1) the sentence was excessive because the judge failed to give sufficient weight to the mitigating circumstances; (2) the judge erroneously informed Rigsby that attempted escape was a Class 2 felony, when in fact it was a Class 6 felony; (3) the prosecutor violated the plea agreement by attempting to aggravate the sentence; and (4) Rigsby was not given an adequate opportunity to challenge the presentence report.
 
 
 18
 On February 8, 1983, the Court of Appeals filed an order consolidating the direct appeal and the appeal in the Rule 32 proceeding, and on July 7, 1983, affirmed Rigsby's convictions. The Court of Appeals' decision addressed each of the four arguable issues raised in the Anders brief, but made no mention of any of the issues raised in the Rule 32 petition.
 
 
 19
 On June 18, 1989, Rigsby filed a "delayed petition for review" in the Arizona Supreme Court, in which he sought review of the six claims that had been raised in the October 1982 supplement to his Rule 32 petition. On September 27, 1989, the Arizona Supreme Court issued an order that stated in relevant part:
 
 
 20
 Delayed Petition for Review = ACCEPTED for filing; Petition for Review = DENIED.
 
 
 21
 Chief Justice Gordon did not participate in the determination of this matter.
 
 
 22
 On April 23, 1990, Rigsby filed a federal habeas corpus petition, which he amended on May 22, 1990. His amended petition raised the following grounds for relief: (1) his July 1982 guilty pleas were not entered voluntarily; (2) he was denied his right to represent himself; (3) he was denied his right to a speedy trial; and (4) the state deprived him of due process by using false police reports to charge and convict him. On April 16, 1991, a Magistrate Judge recommended that Rigsby's petition be dismissed because he had procedurally defaulted by failing to timely file a petition for review in the Arizona Supreme Court, and he had not shown cause for this procedural default.[1] The district court adopted this recommendation and dismissed the petition.
 
 II
 ANALYSIS
 
 23
 Rigsby contends that, because he presented his claims to the Arizona Supreme Court in his delayed petition for review, he did not procedurally default. This contention lacks merit.
 
 
 24
 "The independent and adequate state ground doctrine prohibits the federal courts from addressing the habeas corpus claims of state prisoners when a state-law default prevented the state courts from reaching the merits of the federal claims." Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991) (citing Ylst v. Nunnemaker, 111 S.Ct. 2590 (1991); Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977)). Under Arizona rules of procedure, a petition for review by the Arizona Supreme Court must be filed within thirty days after the filing of the Court of Appeals' decision. Ariz.R.Crim.P. 32.9(f) & 31.19.[2]
 
 
 25
 By filing a petition for review nearly six years after the Court of Appeals filed its decision, Rigsby failed to comply with state procedural rules. See id. We must decide whether Rigsby's failure to timely file a petition for review constitutes a procedural default in light of the Arizona Supreme Court's unexplained denial of his delayed petition for review.
 
 
 26
 Rigsby argues that because the Arizona Supreme Court's order does not state that the delayed petition for review was denied as untimely, it does not satisfy the "plain statement" rule for procedural default established in Harris v. Reed, 489 U.S. 255, 263 (1989), and therefore the order constitutes a decision on the merits of his claims. This argument fails. As the Supreme Court has explained, "[a] predicate to the application of the Harris presumption is that the decision of the last state court to which the petitioner presented his federal claims must fairly appear to rest primarily on federal law or to be interwoven with federal law." Coleman v. Thompson, 111 S.Ct. 2546, 2557 (1991).
 
 
 27
 The Arizona Supreme Court's terse order does not disclose whether it is based on state or federal law. The order does not, however, fairly appear to rest primarily on federal law or to be interwoven with federal law. Indeed, the order does not refer to federal law nor indicate that federal law was consulted in reaching a decision. Accordingly, the Harris presumption does not apply. See Coleman, 111 S.Ct. at 2557.
 
 
 28
 In Ylst v. Nunnemaker, 111 S.Ct. 2590 (1991), the Supreme Court offered further guidance about how a federal court should determine whether an unexplained state court order rests on a state-law procedural default. The Court provided the following hypothetical example of a case in which a procedural default would exist: "it might be shown that, even though the last reasoned state-court opinion had relied upon a federal ground, the later appeal to the court that issued the unexplained order was plainly out of time, and that the latter court did not ordinarily waive such procedural default without saying so." Id. at 2595.
 
 
 29
 Under Arizona law, the time limits of Rule 32 are not jurisdictional. State v. Pope, 130 Ariz. 253, 256, 635 P.2d 846, 849 (1981). Nevertheless,
 
 
 30
 the party asserting a valid reason for non-compliance with the time requirements has a heavy burden in showing the court why the non-compliance should be excused. Mere inadvertence or neglect on the part of a party will not be considered a valid reason for allowing a party to avoid the strict time limits of Rule 32.
 
 
 31
 Id.
 
 
 32
 Here, as grounds for the nearly six-year delay in filing the petition for review, Rigsby stated that he "was not advised at any time that the appeal in the [Rule 32 proceeding] was affirmed until [he] wrote to his attorney recently inquiring into the status thereof and requesting documents in regards to this cause." Rigsby attached to the delayed petition for review a letter from the attorney dated September 22, 1988, which indicated that Rigsby had written to the attorney on September 4, 1988 regarding the Rule 32 petition. Thus, Rigsby waited over five years to contact his attorney about the Rule 32 petition, and he waited nine months after receiving the attorney's letter to file the petition for review.
 
 
 33
 Based on these facts, the district court determined that Rigsby had not satisfied the "heavy burden" imposed on him to excuse his non-compliance with the thirty-day filing deadline because his "explanation fails to show anything more than petitioner's own inadvertence and neglect in pursuing his consolidated appeal." We agree with the district court's determination. See id.; Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) ("[w]hen a pro se petitioner is able to apply for post-conviction relief to a state court, the petitioner must be held accountable for failure to timely pursue his remedy to the state supreme court").
 
 
 34
 Rigsby's petition for review was plainly filed beyond the thirty-day time limit, and the Arizona Supreme Court does not ordinarily waive such procedural defaults. Accordingly, we conclude that the Arizona Supreme Court did not rely on federal law in denying Rigsby's delayed petition for review, and therefore the Court's order rests on an independent and adequate state procedural rule. See Ylst, 111 S.Ct. at 2595; Coleman, 111 S.Ct. at 2559; see also Caswell v. Ryan, 953 F.2d 853, 860 (3d Cir.1992) (state supreme court's unexplained denial of an untimely petition for review "cannot be read to rest primarily on federal grounds").
 
 
 35
 Because Rigsby procedurally defaulted on his federal claims in state court, "federal habeas review of the claims is barred unless [he] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." See Coleman, 111 S.Ct. at 2565 (citations omitted). On appeal, Rigsby has not attempted to show cause for his procedural default; instead he contends that federal review of his claims is necessary because his convictions are fundamentally unjust.[3]
 
 
 36
 The Supreme Court has made clear that this path to federal habeas relief is narrow. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Murray v. Carrier, 477 U.S. 478, 496 (1986). Based on the record, we conclude that Rigsby has not satisfied this standard. Therefore, we cannot consider the merits of his claims.
 
 
 37
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Magistrate found that Rigsby also had procedurally defaulted because the claims in his federal habeas petition were presented to the state courts only in the delayed petition for review. This finding was based on the state's repeated assertions that Rigsby had failed to raise these claims on direct appeal and had never raised them in a Rule 32 petition. The state's answer contained no reference to (1) Rigsby's September 1982 Rule 32 petition or the October 1982 supplement filed by his attorney, (2) the December 1982 petition for review by the Court of Appeals of the denial of that Rule 32 petition, or (3) the Court of Appeal's February 1983 order consolidating the appeal in the Rule 32 proceeding with Rigsby's direct appeal. Rigsby's pleadings in the district court consistently challenged the state's account of the procedural history of his case and asserted that he had raised his federal claims in the September-October 1982 Rule 32 petition, but he did not have copies of all of the relevant documents. The respondent, however, is required to state "whether the petitioner has exhausted his state remedies including any post-conviction remedies available to him" and to provide the relevant documents. See Rule 5, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. In its brief on appeal, the state persists in its erroneous assertion that these claims were never presented to the lower state courts in a Rule 32 petition
 On September 30, 1991, Rigsby filed a motion to supplement the record on appeal with the documents related to his Rule 32 petition. He submitted most of these documents to the district court, but requested leave to submit some documents he had only recently obtained. We grant his motion to supplement the record but deny his request for sanctions against the state's counsel.
 
 
 [2]
 Although the Arizona Supreme Court's decision whether to grant review is discretionary, in order to exhaust state remedies, a prisoner must seek such review before bringing a federal habeas petition. See Jennison v. Goldsmith, 940 F.2d 1308, 1310-11 (9th Cir.1991) (per curiam); 28 U.S.C. § 2254(c)
 
 
 [3]
 In the district court, Rigsby raised this claim and also argued that his procedural default was caused by ineffective assistance of counsel. He does not assert the ineffective assistance claim on appeal. Moreover, because he had no constitutional right to counsel to pursue a discretionary appeal of his Rule 32 petition, "any attorney error that led to the default of [Rigsby's] claims in state court cannot constitute cause to excuse the default in federal habeas." See Coleman, 111 S.Ct. at 2568; Pennsylvania v. Finley, 481 U.S. 551, 554-56 (1987); Ross v. Moffitt, 417 U.S. 600, 616 (1974)