Willis **WHITE,** Petitioner/Appellant,

v.

Samuel A. **LEWIS, et al.,**
Respondents/Appellees.

No. 88–2455.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 1989.

Memorandum March 16, 1989.

Opinion May 8, 1989.

Alex A. Gaynes, Law Office of Alex A. Gaynes, Tucson, Ariz., for petitioner-appellant.

Eric J. Olsson, Asst. Atty. Gen., Tucson, Ariz., for respondents-appellees.

Before GOODWIN, Chief Circuit Judge, ALARCON and NELSON, Circuit Judges.

GOODWIN, Chief Circuit Judge:

White appeals the dismissal of his petition for a writ of habeas corpus on the ground that White had not raised his claims on appeal in state court and had failed to show cause for the default and resulting prejudice. We affirm.

White's principal argument on appeal is that the state's motion to dismiss his petition was an improper pleading under the rules governing actions brought under 28 U.S.C. § 2254. A motion to dismiss, however, is a valid pleading under the rules. In resisting the motion, White had the burden to establish cause and prejudice. Because he failed to meet that burden, the district court correctly dismissed his petition.

## BACKGROUND

White was convicted in Arizona state court of armed robbery and kidnapping. The facts, taken from the opinion of the Arizona Court of Appeals, are as follows:

The victims, Robert and Deborah, were sitting in the parking lot of the Baron's Restaurant and Lounge in Tucson shortly after midnight on September 8, 1981. There were other cars parked in the lot. A car suddenly pulled up behind the car in which they were sitting. Immediately two men jumped out, ran to each side of the victim's vehicle and each held a gun to the victims. Each robber wore a ski mask. The robber on Robert's side demanded his money and car keys, and he complied with that demand. At the same time Deborah gave the robber on her side two $1 bills. The victims were then instructed to walk from the car, through the lot, and into the desert without turning around, which they did. At that time a Tucson Police Department officer drove into the lot on routine patrol. Both robbers then attempted to walk away from the scene but returned at the request of the policeman who by then had secured some back-up assistance. Nevertheless one of the robbers did manage to disappear from the scene.

The appellant was the other person detained by the police. He admitted his wife owned the car which had not been moved and was still parked behind the victims' car. He also admitted driving the car into the parking lot and that another person, in addition to the victims, had been at the scene. A search of his person produced two $1 bills.

White's convictions and sentences were affirmed on direct appeal and review was denied by the Arizona Supreme Court.

Approximately two years later, White sought post-conviction review under Rule 32, Arizona Rules of Criminal Procedure, raising two constitutional issues, not raised on direct appeal, on which he later based his federal habeas corpus petition.

(1) Violation of the right to counsel under *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), and;

(2) Denial of the right of confrontation under *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

The state trial court dismissed White's petition, finding that his failure to raise these issues on direct appeal constituted a waiver and that relief therefore was unavailable under Rule 32.

Six months later, White filed another state Rule 32 petition alleging the same grounds and claiming that significant changes in the relevant state law justified a renewed petition. The state court again denied the petition, finding that the issues raised could have been raised on appeal and that they would not have affected the jury verdict in any manner. White did not seek rehearing by the trial court or review by higher state courts under procedures made available by Rule 32.9. Instead he filed the instant petition for a writ of habeas corpus in the district court.

The district court issued an order for respondents to "show cause by written response within thirty days ... as to why a writ should not issue." The state responded with a motion to dismiss, alleging that White had failed to show cause and prejudice for his procedural default in the state courts as required by *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed. 2d 594 (1977). The state requested additional time to address the merits should the district court find them not precluded. The state did not allege that White had failed to exhaust his state remedies.

## DISCUSSION

### I. Exhaustion

As a preliminary matter, we must determine whether White has exhausted his state remedies, and if he has not, whether to exercise our discretion to hear the case. *See Granberry v. Greer*, 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987) (holding that where a state has failed to raise a non-exhaustion defense in the district court, the court of appeals should determine "whether the interests of comity and

federalism will be better served" by addressing the merits or requiring additional state proceedings).

The state suggests that White has failed to exhaust state remedies because he did not seek review of the state trial court's denial of post-conviction relief under Arizona's Rule 32.9. The state did not raise non-exhaustion in the district court and urges us to use our discretion to hear the case despite the failure to exhaust. While the state is correct that there would be little purpose in sending this case back to state court, we need not exercise the discretion authorized by *Granberry* because White has, in fact, met the exhaustion requirement.

■ Dismissal of a federal habeas petition for failure to exhaust is appropriate only if the prisoner had a *currently* available state remedy at the time of the federal petition. *Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982). In this case, White had no such remedy available. Arizona's Rule 32.9 requires that a motion for rehearing be made within ten days of a trial court's denial of post-conviction relief and that a petition for review of a trial court's decision be filed within ten days of a denial of rehearing. These deadlines had long passed when White filed the pending petition. *See Batchelor v. Cupp,* 693 F.2d 859, 862 (9th Cir.1982) (exhaustion requirement satisfied when time for seeking review of judgment of state court of appeals had lapsed and state post-conviction relief was unavailable).

■ White's state procedural default provides a further, independent, reason for finding that the defaulted claims are exhausted. In *Engle,* the Court dealt with an Ohio statute which precluded collateral review of claims that could have been raised at trial or on direct appeal. The Court found that because the habeas petitioner's challenge to Ohio's selfdefense instruction could have been raised earlier, state collateral review of the claim was unavailable and the claim was therefore exhausted. 456 U.S. at 125 n. 28, 102 S.Ct. at 1570 n. 28. The situation here is analogous. The

state court twice has ruled that White waived his present claims under Rule 32.2 by not raising them on direct appeal. State post-conviction review of these claims is therefore unavailable and the claims are exhausted.

## II. Is a Motion to Dismiss a Proper Pleading?

■ White's main argument on appeal is that a motion to dismiss is not authorized by the rules governing 28 U.S.C. § 2254. Rule 4 provides that unless it appears from the face of the petition that relief is unavailable,

> the judge shall order the respondent to file an answer *or other pleading* within the time fixed by the court or to take such other action as the judge deems appropriate.

(Emphasis added.) Clearly, the rule allows for a response other than a formal answer meeting the dictates of Rule 5.

The Advisory Committee Note to Rule 4 specifically mentions a motion to dismiss:

> For example, the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent, which may show that petitioner's claims have already been decided on the merits in a federal court; that petitioner has failed to exhaust state remedies; that the petitioner is not in custody within the meaning of 28 U.S.C. § 2254; or that a decision in the matter is pending in a state court. In these situations, a dismissal may be called for on procedural grounds, which may avoid the necessity of filing an answer on the substantive merits of the petition.

While state procedural default is not mentioned as a specific ground for such a motion, there is no reason for distinguishing it from other procedural grounds which may make a full answer unnecessary. This reading is consistent with the intention that the judge be given "flexibility" in dealing with habeas petitions. Advisory Committee Note to Rule 4.

The best textual support for White's argument comes from the Advisory Committee Note to Rule 5 which expresses some concern about unresponsive answers:

> The answer must respond to the allegations of the petition.... [C]ourts occasionally receive answers which contain only a statement certifying the true cause of detention, or a series of delaying motions such as motions to dismiss. The requirement of the proposed rule that the "answer shall respond to the allegations of the petition" is intended to ensure that a responsive pleading will be filed and thus the functions of the answer fully served.

While there may be circumstances where concerns about delay and efficiency militate in favor of ordering a full scale answer, this comment cannot be read as a blanket bar against motions to dismiss without regard to their merit. Moreover, White acknowledges that responding to a habeas petition with a motion to dismiss is common practice. *See, e.g., Murray v. Carrier*, 477 U.S. 478, 483, 106 S.Ct. 2639, 2643, 91 L.Ed.2d 397 (1986).

In this case, the district judge ordered respondents to "show cause by written response" why the writ should not issue. The order did not specify a formal answer as opposed to another form of pleading. Before ruling on the petition, the judge considered White's "Opposition to Motion to Dismiss," in which he argued that a motion to dismiss was an improper pleading. The judge's rejection of this argument was tantamount to an affirmative authorization of the motion to dismiss. White has offered no argument on the substance of the motion to dismiss and cannot demonstrate any prejudice resulting from its acceptance as a pleading.

### III. Cause and Prejudice

■ Review of a constitutional claim which has been defaulted in state court is barred on habeas review unless the petitioner shows cause for the default and actual prejudice. *Sykes*, 433 U.S. 72, 97 S.Ct. at 2498–99. This rule applies to procedural defaults on appeal as well as at trial. *See*

*Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984). White does not argue, nor could he, that there was cause and prejudice attendant to his failure to raise his *Edwards* and *Bruton* claims on appeal in state court.

■ To establish prejudice resulting from a procedural default, a habeas petitioner bears "the burden of showing not merely that the errors at his trial constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982). The errors alleged by White do not meet this standard.

■ First, White does not make out a valid confrontation clause claim under *Bruton*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). *Bruton* involved the admission of a co-defendant's confession which was inadmissible hearsay as to Bruton. The Court held that admitting the confession was prejudicial error even though the trial court had clearly instructed the jury that the confession was admissible only against the co-defendant. *Bruton* involved the interplay between the confrontation clause and hearsay evidence. *Bruton* is inapplicable here because the testimony of which appellant complains is not hearsay. The testimony at issue is the testimony of a police officer that the other person detained at the scene, who later managed to get away, gave the officer an address which did not exist. Because this testimony was not used for the truth of the matter asserted by the out-of-court declarant, it was not hearsay, and *Bruton* is inapposite.

■ Second, even if White was interrogated in violation of *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), admission of statements he made after police improperly reinitiated questioning did not result in actual prejudice. The facts of the interrogation, according to White's argument at the suppression hearing, were as follows: After the first officer on the scene asked White several questions such as his name, date of birth, and wheth-

er he owned a car parked in the parking lot, a second officer arrived and advised White of his rights. White said he understood his rights and would answer questions.

He asked Mr. White who his friend was and Mr. White said he wasn't with anybody, that he was by himself. Officer Quinn then said he had talked with Officer Auen and Officer Quinn didn't see any reason why the officer would lie so, therefore, it must be Mr. White was lying.

At that point, White said that he would not answer any more questions without an attorney. After officers reinitiated questioning in violation of *Edwards*, White answered several times that he was not with anybody in the parking lot.

Finally, Mr. White acknowledged there was a second person who had come up about the same time that Officer Auen came up in the parking lot.

White argues that the state used the improperly obtained statements regarding the second man to his detriment by arguing to the jury that White fabricated the story of the man's belated arrival as a "back-up story." It is difficult to see how the use of White's statements prejudiced him. These statements were consistent with what he said before requesting counsel, that he was not "with" anybody in the parking lot. Even if there was an inconsistency which might have worked to White's disadvantage, in light of the other strong circumstantial evidence of guilt, the possibility of prejudice is remote at best. White was one of only two people found in the parking lot. The car which had pulled up behind the victim's car was registered in his wife's name. A search of his person yielded two $1 bills, the precise sum taken from one of the victims. Under these facts, White cannot establish prejudice.

 Neither can White establish cause for his procedural default. Mere ignorance or inadvertence by a lawyer does not constitute cause for a procedural default. *Murray v. Carrier*, 477 U.S. at 486–88, 106 S.Ct. at 2644–46. Ineffective assistance of counsel may constitute cause, *id.* at

488, 106 S.Ct. at 2646, but the facts of this case do not rise to that level. Under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to establish ineffective assistance one must show a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068. As is clear from the above analysis of the prejudice prong of the cause and prejudice inquiry, White cannot make such a showing.

AFFIRMED.