891 F.2d 295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Royce Calvin SANDS II, Petitioner-Appellant,
v.
Samuel A. LEWIS, Director, Arizona Department of
Corrections, Robert Crist, Warden, Arizona
Correctional Training Center,
Respondents-Appellees
 No. 88-2835.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1989.*
Decided Dec. 7, 1989.
 
 Before WALLACE, PREGERSON, and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Royce Calvin Sands, II, a state prisoner, appeals from the dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. In his petition Sands alleges inter alia that he was denied effective assistance of counsel prior to his arrest during negotiations conducted by the Sheriff of Pima County over a five-day period in an attempt to arrest the petitioner and free his hostages without bloodshed.
 
 
 3
 The state respondents filed a motion to dismiss the petition on the ground that the claim of ineffective assistance of counsel had not been exhausted in state court. The district court granted respondents' motion to dismiss, citing Rose v. Lundy, 455 U.S. 509 (1982).
 
 
 4
 Sands contends that the district court erred in acting upon the respondents' motion to dismiss the petition and in its determination that it contained an unexhausted claim. We disagree and affirm.
 
 
 5
 * STANDARD OF REVIEW
 
 
 6
 We review the dismissal of a petition for a writ of habeas corpus independently without deference to the district court's legal conclusions. Zimmerlee v. Keeney, 831 F.2d 183, 185 (9th Cir.1987), cert. denied, 108 S.Ct. 2857 (1988). We discuss each of Sands' contentions and the facts pertinent thereto under separate headings.
 
 II
 PROPRIETY OF ACTING ON A MOTION TO DISMISS
 
 7
 Sands argues that the district court lacked the power to entertain and act upon a motion to dismiss a petition for habeas corpus relief prior to requiring a response to the petitioner's allegations. We recently rejected this contention in White v. Lewis, 874 F.2d 599 (9th Cir.1989). We held in White that a motion to dismiss on procedural grounds is a proper response to a section 2254 petition. Id. at 602-603. The question of exhaustion of state remedies does not require a full answer to the allegations set forth in the petition. The district court did not err in acting upon respondents' motion to dismiss.
 
 III
 EXHAUSTION OF INCOMPETENCE OF COUNSEL CLAIM
 
 8
 Sands also argues that the district court erred in concluding that he failed to exhaust his competency of counsel claim in state court. He contends that he raised this issue in his direct appeal and in his state petition for post-conviction relief.
 
 
 9
 A district court cannot consider the merits of a petition for a writ of habeas corpus that contains an unexhausted claim. 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 510 (1982). "[t]he exhaustion requirement is satisfied once a claim has been fairly presented to the highest state court." Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986). A state prisoner must "present the state courts with the same claim he urges upon the federal courts." Picard v. Connor, 404 U.S. 270, 276 (1971). "A claim is fairly presented if the petitioner has described the operative facts and legal theory on which his claim is based." Tamapua v. Shimoda, 796 F.2d at 262.
 
 
 10
 Sands asserts that he raised the issue of incompetency of counsel "within the confines of due process arguments" in his direct appeal. Opening Brief of Appellant, page 8. Sands relies on the following language from the opening brief he filed with the Arizona Court of Appeals.
 
 
 11
 The Sheriff of Pima County, a lawyer retained by Mr. Sands, and a Magistrate, acting as a Magistrate, all perpetuated a belief in Mr. Sands that he had an agreement, and that charges would be dismissed against him.
 
 
 12
 Appellant's Opening Brief before the Arizona Court of Appeals, page 31. We have read Sands' brief before the Arizona Court of Appeals. The passage quoted above is the opening paragraph of a claim that his right to due process was violated by governmental misconduct. A claim of violation of due process invokes the protection of the fifth and fourteenth amendments. Denial of effective representation by competent counsel is a violation of the sixth amendment. Sands did not fairly present his sixth amendment claim in his direct appeal to the Arizona Court of Appeals.
 
 
 13
 Sands further relies on the following additional language in his brief to the Arizona Court of Appeals: "[t]he monitoring by utilization of Dr. Gilmartin violated Mr. Sands' right to counsel...." Appellant's Opening Brief before the Arizona Court of Appeals at 21. This language, however, attacks the action of Dr. Gilmartin, not the actions of Sands' counsel. In no sense can we construe this language as having "fairly presented" the ineffectiveness of counsel claim to the state court.
 
 
 14
 Sands also contends that he raised the issue of competency of counsel in his petition for post-conviction relief. The record shows that a check mark was placed on the post-conviction relief petition form next to the following language: "The denial of the constitutional right to representation by a competent lawyer at every critical stage of the proceeding." Clerk's Record 9. This statement is a conclusion of law. It does not, standing alone, fairly present the operative facts upon which the claim is based. Attached to the post-conviction relief petition form is a nine page declaration signed by Sands. No facts are set forth in the declaration showing that Sands' attorney was incompetent. Furthermore, the declaration concludes with the following statement:
 
 
 15
 And he has suffered aggreveous and irrepairable injury as a result volatile his rights, privileges and immunities secured by the First, Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments to the Constitution of the United States.
 
 
 16
 Clerk's Record, 9 (spelling as in original document). This list does not include a reference to the Sixth Amendment.
 
 
 17
 We are satisfied from our review of the petition for post-conviction relief that Sands did not fairly present any facts that would support the claim of incompetency of counsel he has presented in his section 2254 petition.
 
 
 18
 In his motion for a rehearing from the denial of his petition for post-conviction relief, Sands argued that his attorney was guilty of "ineffectiveness and negligence" because he failed to inform petitioner "of his right against self-incrimination." Opening Brief of Appellant, page 9. This claim differs from the allegation in Sands' section 2254 petition that his attorney was incompetent "in entering 'sham' arrangements with the prosecutor, and failing to advise Mr. Sands of his duties under the law when presented by a warrant constituted a clear deprivation of Mr. Sands' right to counsel." Clerk's Record, 1 at page 22. Because Sands failed to present the same competency of counsel claim to Arizona's highest court that he urges in his section 2254 petition, we conclude that the district court did not err in dismissing this action for failure to exhaust a federal constitutional claim. The state courts have not had a fair opportunity to consider the merits of the operative facts and Sixth Amendment claim presented to the district court.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3