952 F.2d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gentry G. NEAL, Petitioner-Appellant,
v.
Samuel LEWIS, et al, Respondent-Appellee.
 No. 91-15673.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1991.*
Decided Dec. 17, 1991.
 
 Before HUG, CYNTHIA HOLCOMB HALL and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Gentry Neal appeals the denial of his petition for a writ of habeas corpus. The district court had jurisdiction under 28 U.S.C. § 2254. We have jurisdiction of this timely appeal pursuant to 28 U.S.C. § 2253, and we affirm.
 
 I.
 
 3
 Petitioner was convicted in the Arizona Superior Court of first degree murder and sentenced to life imprisonment without possibility of parole for twenty-five years. The Arizona Supreme Court affirmed both the conviction and the sentence. State v. Neal, 692 P.2d 272 (Ariz.1984). Pursuant to Arizona Rule of Criminal Procedure 32, petitioner filed a post conviction petition alleging that the state's pre-trial compulsory psychiatric screening examination violated his Fifth Amendment privilege against self incrimination, and that he was denied effective assistance of counsel in violation of the Sixth Amendment. The state trial court denied the petition, reaching the merits on the Sixth Amendment issue and holding that petitioner was precluded from arguing his Fifth Amendment claim because he had not raised it on direct appeal. See Ariz.R.Crim.P. 32.2(a)(2), 32.2(a)(3). Petitioner did not appeal this ruling.
 
 
 4
 Instead, petitioner filed for a writ of habeas corpus in the district court. The district court held that petitioner was procedurally barred from obtaining federal habeas relief because he did not allege or demonstrate cause, prejudice, or exceptional circumstances justifying his procedural default.[1] The district court also denied relief on the ineffective assistance of counsel claim, holding that petitioner's trial counsel satisfied the requirements set out in Strickland v. Washington, 466 U.S. 668 (1984).
 
 II.
 
 5
 We review the district court's denial of a petition for writ of habeas corpus de novo. United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989). We address each issue in turn.
 
 III.
 
 6
 A federal habeas corpus petitioner may be barred from raising a constitutional claim if he procedurally defaulted in state court by failing to present the issue on direct appeal. Teague v. Lane, 489 U.S. 288, 298 (1989); Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977). To invoke this bar, the state court decision must plainly state that review was denied on procedural grounds. Harris v. Reed, 489 U.S. 255, 265 (1989). A petitioner may overcome the bar, however, by demonstrating "cause for the default and prejudice resulting therefrom." Teague, 489 U.S. at 298; Wainwright, 433 U.S. at 87-91. Even absent a showing of cause and prejudice, the court may ignore the default if the petitioner demonstrates exceptional circumstances. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986).
 
 
 7
 There is no question that petitioner failed to raise the self incrimination issue until his petition for post conviction relief, thus precluding review of the claim in state courts. See Ariz.R.Crim.P. 32.2(a)(3). Moreover, the parties do not dispute that the trial court denied petitioner's post trial petition on procedural grounds. (Opening Brief at 4; State's Brief at 4). For the first time in this court, petitioner contends that he has cause for the default. Specifically, petitioner argues that his self incrimination theory was not viable until after the appeal, when the Arizona Supreme Court decided State v. Borbon, 706 P.2d 718 (Ariz.1985) (en banc).
 
 
 8
 Petitioner's argument is meritless. Although Borbon involves the compulsory pre-screening by a county psychiatrist before the trial judge determines whether there is reasonable grounds for a full competency hearing, it did not address the constitutionality of the procedure. Id. at 721. In fact, Borbon merely reaffirmed the propriety of such procedures under state law. Borbon, 706 F.2d at 721. Because Borbon did not establish a new rule upon which petitioner may now rely, petitioner has not demonstrated cause to excuse his failure to raise the self incrimination issue on direct appeal. See Dugger v. Adams, 489 U.S. 401, 407 (1989) (new case did not provide cause for procedural default because case did not apply to petitioner's situation). Neither has he presented exceptional circumstances justifying review on this issue. Accordingly, the district court did not err in denying federal habeas relief on the Fifth Amendment issue.
 
 IV.
 
 9
 We now turn to petitioner's Sixth Amendment claim of ineffective assistance of counsel. The Arizona Supreme Court rejected petitioner's claim on direct appeal. Neal, 692 P.2d at 280. As he did on appeal, petitioner contends that he was denied ineffective assistance because his trial counsel failed to adequately prepare Dr. Gurland, the expert witness who testified as to petitioner's temporary insanity at the time of the murder. Trial counsel did not give Dr. Gurland police reports or the witness' statement that petitioner had ingested large amounts of quaaludes and alcohol prior to committing the murder. Nor did counsel tell Dr. Gurland this information personally.
 
 
 10
 To make out a claim for ineffective assistance, petitioner must demonstrate that his counsel's performance did not meet an objective standard of reasonableness and that this deficient performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Performance is objectively reasonable if it can be "considered sound trial strategy." Id. (quotation omitted).
 
 
 11
 Although we do not sanction counsel's behavior, his decision not to give Dr. Gurland access to this material was strategic because the information might have destroyed petitioner's insanity defense. Under Arizona law, temporary insanity is not available as a defense when the insanity is caused by voluntary intoxication. State v. Hudson, 730 P.2d 830, 835 (Ariz.1986) (en banc) ("insanity defense is not available to a defendant whose voluntary use of intoxicating alcohol and/or drugs aggravates a preexisting mental disorder or creates a temporary episode of mental incapacity."); State v. Tallabas, 746 P.2d 491, 492 (Ariz.Ct.App.1987) (approving jury instruction stating that "the defense of insanity is not available to a defendant when the insanity is caused by the voluntary ingestion of intoxicants, whether they be alcohol or drugs.").
 
 
 12
 Moreover, release of this information might have altered Dr. Gurland's conclusions. Had Dr. Gurland read the police report or been aware that petitioner had ingested several quaaludes and a large amount of alcohol prior to the murder, he might have concluded that petitioner was merely intoxicated, and not temporarily insane at the time of the offense. In fact, the state's expert witness arrived at this precise conclusion. Neal, 692 P.2d at 277. As petitioner's only witness to testify that petitioner suffered from temporary insanity during commission of the offense, his refusal to testify would have doomed petitioner's insanity defense.[2]
 
 
 13
 Again, while we do not condone withholding information to shape expert testimony, counsel's tactics in this case clearly inured to the benefit of petitioner, and as such, he cannot claim ineffective assistance. The district court did not err in denying the petition for writ of habeas corpus.
 
 V.
 
 14
 Accordingly, the district court's denial of the petition for writ of habeas corpus is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Correctly, the district court held that petitioner had exhausted his state court remedies even though he did not appeal the trial court's denial of the petition. See White v. Lewis, 874 F.2d 599, 602 (9th Cir.1989) (holding that remedies are exhausted when procedural default precludes post conviction review)
 
 
 [2]
 Petitioner vaguely alleges that "a number of other statements" were not described to Dr. Gurland, but he fails to articulate the substance of these statements. It is therefore impossible to assess the impact of counsel's decision to not show them to Dr. Gurland