979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ali PERTSONI, Petitioner-Appellant,
v.
Eddie YLST, Warden, Respondent-Appellee.
 No. 91-15283.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1992.
Decided Nov. 19, 1992.
 
 Before SNEED, ALARCON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ali Pertsoni, a California state prisoner, appeals from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 In 1982, Pertsoni, an Albanian born in the former Yugoslavia, was convicted of first-degree murder and sentenced to a term of 27 years to life. At trial, Pertsoni asserted that the victim had been sent to the United States by the Albanian government to kill Pertsoni because of his anti-communist activities. Pertsoni admitted that he had shot the victim, but claimed that he acted in self-defense.
 
 
 4
 In his federal habeas petition, Pertsoni raised the following five claims: (1) he had been convicted by an all white jury; (2) he was not present at part of his trial; (3) an Albanian-language translator had not been provided at trial; (4) the prosecutor had lost or destroyed evidence; and (5) he received ineffective assistance of counsel.
 
 
 5
 * Procedural Default
 
 
 6
 We cannot reach the merits of the first four claims because Pertsoni procedurally defaulted in state court by failing to make contemporaneous objections at trial or raise these issues on direct appeal.
 
 
 7
 When a federal court is faced with an unexplained state court decision on a petitioner's claims, the federal court should presume that "where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991). Therefore,
 
 
 8
 [i]f an earlier opinion "fairly appear[s] to rest primarily upon federal law, we will presume that no procedural default has been invoked by a subsequent unexplained order that leaves the judgment or its consequences in place. Similarly where, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.
 
 
 9
 Id. (quoting Coleman v. Thompson, 111 S.Ct. 2546, 2559 (1991)).
 
 
 10
 Here, Pertsoni raised these four claims in a habeas petition filed in the San Francisco Superior Court; he did not raise them on direct appeal. In state post-conviction proceedings, the superior court rejected these claims on the ground that: "Habeas corpus is not a substitute for appeal issues which could have and should have been raised on appeal. ( In re Dixon, 41 Cal.2d 756, 759 [1953]." Pertsoni then filed original habeas petitions raising these four claims in the California Court of Appeals and the California Supreme Court. Both appellate courts denied the petitions without comment or citation. Because the superior court issued the last reasoned state judgment rejecting these claims and explicitly invoked a procedural bar, we presume that the appellate courts' unexplained orders rejecting the same claims rest upon the same ground. See Ylst, 111 S.Ct. at 2594. Because Pertsoni was barred by a state rule of procedure from raising his constitutional claims in state court, he has procedurally defaulted on these claims. See Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977).
 
 
 11
 In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.
 
 
 12
 Coleman, 111 S.Ct. at 2565.
 
 
 13
 In his habeas petitions in state court, Pertsoni asserted that he did not object at trial or raise these four issues on direct appeal because his attorney was incompetent.[1]
 
 
 14
 An attorney's ignorance or inadvertent error does not establish cause for a procedural default, unless the attorney's performance is constitutionally ineffective. Murray, 477 U.S. at 488 (citing Strickland v. Washington, 466 U.S. 668, 690 (1984)). Thus, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Murray, 477 U.S. at 486-87; see also Jones v. Barnes, 463 U.S. 745, 754 (1983) (defense counsel does not have a duty to raise on appeal every colorable claim suggested by a client). Moreover, the novelty of a federal claim will not provide cause for a procedural default if the alleged error also violated established state law, and the petitioner failed to object on state-law grounds. Dugger v. Adams, 489 U.S. 401, 407-408 (1989). To establish actual prejudice, the petitioner "bears 'the burden of showing not merely that the errors at his trial constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension.' " White v. Lewis, 874 F.2d 599, 603 (9th Cir.1989) (emphasis in original) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).
 
 
 15
 Pertsoni has not established that his attorney's failure to object or raise these issues on appeal rises to the level of ineffective assistance of counsel. First, with respect to his jury selection claim, although his trial occurred in 1982, before the Supreme Court decided Batson v. Kentucky, 476 U.S. 79 (1986), Pertsoni could have challenged the jury selection process on state-law grounds. See People v. Wheeler, 22 Cal.3d 258, 272, 583 P.2d 748, 758, 148 Cal.Rptr. 890, 899-900 (1978) (prosecutor's use of peremptory challenges to remove prospective jurors on basis of race violates state constitution). Similarly, Pertsoni could have raised an objection to the exclusion of non-white jurors under existing federal law. See Swain v. Alabama, 380 U.S. 202 (1965); cf. Ford v. Georgia, 111 S.Ct. 850, 855-56 (1991) (where defendant who was tried before Batson raised a contemporaneous objection to jury selection based on Swain, he also preserved Batson claim for review on direct appeal). Accordingly, Pertsoni's inability to rely on Batson cannot provide cause for his procedural default. See Dugger, 489 U.S. at 407-08. Finally, even if Pertsoni could establish cause, he has made no showing of actual prejudice. See White, 874 F.2d at 603.
 
 
 16
 Second, the district court held an evidentiary hearing on the issue of whether Pertsoni should have been provided with an interpreter at trial. Pertsoni's attorney testified that Pertsoni did not ask for an interpreter, and when counsel asked Pertsoni whether he wanted an interpreter during a pre-trial psychological examination, Pertsoni got very angry and "uptight," and he adamantly refused to have anything to do with an interpreter. On the basis of this evidence, the district court found that "Pertsoni did not ask his counsel for an interpreter prior to or at the time of his trial." The attorney further testified that (1) he did not feel that Pertsoni needed an interpreter to understand or to testify; and (2) his decision not to have a translator was based, in part, on his deliberate strategy to allow Pertsoni to testify in broken English, in order to gain the jury's sympathy. The evidence supports the district court's conclusion that Pertsoni's attorney was not constitutionally ineffective for failing to procure an interpreter, and therefore Pertsoni has not established cause for his procedural default on this claim. See Murray, 477 U.S. at 488; Strickland, 466 U.S. at 690.
 
 
 17
 Moreover, Pertsoni has not demonstrated actual prejudice from the lack of an interpreter. At the evidentiary hearing, the state trial judge, prosecutor, defense attorney, and court reporter testified that Pertsoni was able to communicate adequately without an interpreter, and they understood the thrust of his defense. Given this evidence, we agree with the district court's conclusion that the lack of an interpreter did not render Pertsoni's trial fundamentally unfair.
 
 
 18
 Similarly, Pertsoni has not shown that he was prejudiced by his absence from the courtroom on the morning of May 17, 1982, when a juror asked to be excused because a member of her family had died the previous day. Pertsoni's counsel was present and agreed that the juror should be excused. Pertsoni's absence did not frustrate the fairness of the proceedings. See Sturgis v. Goldsmith, 796 F.2d 1103, 1108 (9th Cir.1986) ("[a] defendant has a constitutional right to be present at every stage of the trial where his absence might frustrate the fairness of the proceedings").
 
 
 19
 Finally, Pertsoni has not demonstrated cause or prejudice to excuse his default on his claim that the state lost or destroyed material evidence. The evidence at issue--the victim's passport and receipts for money the victim had received from the Bureau of Alcohol, Tobacco, and Firearms--was not material to Pertsoni's defense and was cumulative to other evidence presented at trial. See California v. Trombetta, 467 U.S. 479, 488-89 (1984) (constitution requires states to preserve evidence that "might be expected to play a significant role in the suspect's defense[;] [t]o meet this standard of constitutional materiality, evidence must possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means") (citation omitted).
 
 
 20
 Therefore, because Pertsoni has not shown cause or prejudice to excuse his procedural default, federal review of the merits of these claims is barred. See Coleman, 111 S.Ct. at 2565.
 
 II
 Ineffective Assistance of Counsel
 
 21
 Pertsoni contends that he received ineffective assistance of counsel because his attorney failed to (1) obtain an interpreter, (2) present crucial defense witnesses and other available evidence, (3) adequately prepare for trial or confer with Pertsoni, (4) pick an appropriate jury, and (5) object to the prosecutor's allegedly improper closing argument. We disagree.[2]
 
 
 22
 To demonstrate ineffective assistance, a defendant must show that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The standard of attorney competence is that of "reasonably effective assistance," id., and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," id. at 689.
 
 
 23
 In an order dated December 13, 1988, the district court thoroughly considered each of Pertsoni's allegations of ineffective assistance and concluded that they lacked merit. In his brief on appeal, Pertsoni has not presented any basis upon which the district court's determination that his attorney's performance was not deficient could be overturned.
 
 III
 New Claims on Appeal
 
 24
 In his pro se brief, Pertsoni raises the following additional claims: (1) the trial court erred by admitting evidence of a prior bad act; (2) Pertsoni did not knowingly and voluntarily waive his Miranda rights; (3) the prosecutor committed misconduct; and (4) the trial court erred in its jury instructions on premeditation, consciousness of guilt, admissions, and suppression of evidence.
 
 
 25
 Because Pertsoni did not present these claims to the district court in his habeas petition, we will not consider them on appeal. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987) (declining to consider claim that was not included in the petition and not addressed by the district court); Ahlswede v. Wolff, 720 F.2d 1108, 1109 (9th Cir.1983) ("the only issues properly before this court are those in the petition"), cert. denied, 469 U.S. 873 (1984).
 
 
 26
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Because the district court rejected the state's procedural default argument, it did not consider whether Pertsoni could show cause for his default. Nevertheless, the district court rejected Pertsoni's claims on the merits, and therefore in effect determined that he was not prejudiced by the alleged constitutional errors
 
 
 [2]
 Pertsoni's ineffective assistance of counsel claim was not procedurally defaulted because the superior court considered this claim on the merits. Therefore, we presume that the state appellate courts' silent denials of this claim also were on the merits. See Ylst, 111 S.Ct. at 2594