56 F.3d 73
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jann R. OSLUND, Petitioner-Appellant,
v.
Manfred MAASS, Respondent-Appellee.
 No. 93-35846.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1995.
Decided May 24, 1995.
 
 Before: BROWNING, REAVLEY,* and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * Oslund's fourth amendment, sixth amendment, and due process claims are premised on the allegation that the police began taping Oslund's conversation with Logan Conley before receiving word the state judge had approved the body wire. The state court found to the contrary, and its finding is presumed correct on federal habeas review. See 28 U.S.C. Sec. 2254(d); Sumner v. Mata, 449 U.S. 539, 550 (1981). Oslund does not claim any of the Sec. 2254(d) factors are applicable here, nor do they appear to be applicable upon our own review of the record.
 
 II
 
 3
 The district court did not err in dismissing the three new sixth amendment claims raised in Oslund's amended petition on the basis of facts alleged in the affidavits of Oslund's investigator. Oslund did not present these claims to any Oregon court, and concedes the Oregon courts would now find them procedurally barred. Accordingly, Oslund must establish "cause and prejudice" for his procedural default.[1] See Coleman v. Thompson, 501 U.S. 722, 735 n.*, 749-50 (1991). Assuming without deciding that the unavailability of the alleged newly discovered evidence constituted cause for Oslund's failure to assert his new claims, Oslund was not prejudiced -- the facts alleged established by the new evidence do not reflect ineffective assistance of counsel. See White v. Lewis, 874 F.2d 599, 603 (9th Cir. 1989).
 
 
 4
 Oslund contends trial counsel was ineffective because he failed to discover the information revealed by Craig Davis, but Oslund does not explain how trial counsel might have located Davis, who did not come forward until after Oslund filed his habeas petition. Even if trial counsel's performance had been deficient, Oslund was not prejudiced: Oslund admitted being at the victim's house on the evening of the murder; at least four people testified at trial that Oslund had told them he killed Vern Johnson; and the jury heard a tape on which Oslund described in detail how he committed the murder. In light of this evidence there is no reasonable probability the verdict would have been different even if Davis had appeared at trial and testified to all the matters set forth in the investigator's affidavit. See Strickland v. Washington, 466 U.S. 668, 694 (1984).
 
 
 5
 The same is true of Oslund's claim trial counsel was ineffective because he did not ask witness Terry Feldman whether he knew Conley owned a car matching the description of the car seen by the neighbor. Assuming counsel knew Feldman had stated Conley owned such a car and nevertheless failed to ask the question, Oslund was not prejudiced by the omission -- there is no reasonable probability the verdict would have been different had the jury known Conley owned a car matching the neighbor's description.
 
 
 6
 Oslund alleges trial counsel was ineffective because he failed to discover the information provided by Davis, which could have been used to impeach Logan Conley's statement at trial that he did not know the victim. Again, Oslund does not explain how counsel might have found Davis and obtained the impeachment evidence; and even if counsel had presented evidence that, contrary to Conley's testimony, he not only knew the victim but was present at his house on the night of the murder, there is no reasonable chance the verdict would have been different -- even if Conley lied at trial, that would not affect the credibility of Oslund's admission on the audio tape that he killed Vern Johnson.
 
 III
 
 7
 "The availability of any discovery during a habeas proceeding is committed to the sound discretion of the district court." Campbell v. Blodgett, 982 F.2d 1356, 1358 (9th Cir. 1993) (citing 28 U.S.C. foll. Sec. 2254, Rule 6 & adv. comm. note). It was not an abuse of discretion to deny Oslund's discovery motion. Evidence relating to the recording of the conversation between Oslund and Conley would have been of no use to Oslund. The state court found the conversation was recorded in compliance with the order, and Oslund has suggested no basis for overturning that finding under 28 U.S.C. Sec. 2254(d). Oslund does not state how the autopsy reports and crime scene photos are relevant to any of the constitutional claims raised in his habeas petition -- a minimum requirement under Rule 6 of the Rules Governing Section 2254 Proceedings. See Campbell, 982 F.2d at 1359.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable Thomas M. Reavley, Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In his reply brief, Oslund suggests for the first time that his procedural default should be excused because his is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). Assuming arguendo that Oslund's claim of actual innocence was properly raised and had a colorable basis, it might excuse Oslund's procedural default, but would not entitle him to habeas relief unless his Sixth Amendment claims had merit. See Herrera v. Collins, 113 S. Ct. 853, 862 (1993). For the reasons stated in text, Oslund's Sixth Amendment claims fail on the merits even assuming his factual allegations are true