**William G. GRAVES, Jr., # 26953–037 Petitioner,**

v.

**B.A. BLEDSOE, Respondent.**

**No. CIV.A.7:04 CV 00476.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Aug. 19, 2004.

William G. Graves, Jr., Jonesville, VA, pro se.

### *MEMORANDUM OPINION*

CONRAD, District Judge.

Petitioner William G. Graves, Jr., a Federal inmate incarcerated at the United States Penitentiary in Lee County and proceeding *pro se,* brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. In his petition, Graves challenges the calculation of his Good Conduct Time (GCT) by the Bureau of Prisons (BOP). Graves alleges that the BOP misinterpreted 18 U.S.C. § 3624(b). Graves requests an order affirming his interpretation of § 3624(b) and mandating a recalculation of his sentence.

### I. Analysis

Graves's petition conforms to 28 U.S.C. § 2242, which outlines the requirements for a petition for a writ of habeas corpus. In addition, Graves meets the requirements of 28 U.S.C. § 2241(a) because he was in federal custody within the Western District of Virginia at the time of the petition, and remains in custody to this day.

Section 3624(b)(1) states that

a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term.... Subject to paragraph (2), credit for the last year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

Graves claims that the term "term of imprisonment" refers to the actual length of the sentence imposed and not, as the BOP interprets the statute, the actual time served by the inmate. Graves suggests no rationale for this interpretation, instead directing this court to a Wisconsin case in which a judge was persuaded by this rather dubious logic. *See White v. Scibana,* 314 F.Supp.2d 834 (W.D.Wis. April 23, 2004). In *White,* the court determined that the words "term of imprisonment" were not ambiguous and therefore must be given the clear meaning attributed that phrase by Congress in other statutes. *Id.* at 841.

A court must give substantial deference to an agency's interpretation of a statute with which Congress has entrusted that agency. *See Chevron v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). This requires a court to determine if language in the statute is ambiguous. If the language is ambiguous, then the court must determine if the agency's interpretation is reasonable. *Id.*

Graves defers to White's argument that the statute is unambiguous and the words

"term of imprisonment" should be given their common meaning, which is synonymous to "sentence." White pointed to numerous other statutes in which "term of imprisonment" was used to mean "sentence."

■ Under Graves's interpretation, an inmate serving a ten-year sentence would be credited with 540 days of GCT, even though, due to the GCT, the inmate would not serve the entire ten-year sentence. Therefore, the inmate would receive GCT for time in advance of the year for which the GCT was to be earned. Essentially, during his ninth year of incarceration, the BOP would have to grant the inmate 54 days of GCT for his tenth year of imprisonment, even though he would not serve any of his tenth year of imprisonment. Logically, this conflicts with the statute's plain language, which requires the BOP to credit the inmate only "at the end of each year." 18 U.S.C. § 3624(b)(1). Such an interpretation is not consistent with the plain language of the statute. Therefore, an ambiguity is apparent in the statute.

Under the BOP's interpretation, an inmate serving a ten-year sentence would receive approximately 470 days of GCT.[1] The inmate would receive GCT in blocks of 54 days at the end of each year in which he was actually incarcerated. He would then receive a prorated GCT award for the portion of his final, ninth, year that he actually served. This court finds that the BOP's interpretation is a logical interpretation of the entire statute. This holding is in line with most of the other court that have addressed this issue. *See Brown v. Hemingway,* 53 Fed.Appx. 338 (6th Cir. 2002) (unpublished); *Williams v. Lamanna,* 20 Fed.Appx. 360 (6th Cir.2001) (un-published); *Pacheco–Camacho v. Hood,* 272 F.3d 1266 (9th Cir.2001); *Pascuiti v. Drew,* 2004 WL 1247813, 2004 U.S. Dist. LEXIS 10352 (N.D.NY June 2, 2004); *Martinez v. Wendt,* 2003 WL 22456808, 2003 U.S. Dist. LEXIS 19045 (N.D.Tex. 2003) (Mag. Report and Recommendation), *adopted by* 2003 WL 22724755, 2003 U.S. Dist. LEXIS 20832 (N.D.Tex.2003).

## II. Conclusion

The petitioner's interpretation of 18 U.S.C. § 3624(b)(1) is not consistent with the language of the statute as a whole. Although a single district court has accepted the perverse logic of petitioner's argument, it goes against common sense and the reasoning of the majority of courts that have addressed this issue. Finding that the BOP's interpretation of § 3624(b)(1) is a reasonable one, this court rejects the petitioner's interpretation. Because the petitioner has not shown that the BOP incorrectly calculated his sentence, his petition must be dismissed. An appropriate order will be entered this day.

## *FINAL ORDER*

In accordance with the accompanying memorandum opinion, it is hereby

## ADJUDGED AND ORDERED

that the petition for habeas corpus, pursuant to 28 U.S.C. § 2241, shall be and hereby is **FILED** and **DISMISSED;** and this action is hereby stricken from the active docket of the court.

The Clerk is directed to send certified copies of this order and the accompanying

---

1. During the first eight years the inmate would receive 54 days at the end of each year in which he met the requirements of earning GCT, resulting in a maximum of 432 days. Because the inmate would only be incarcerated for a portion of the ninth year, he would only receive a prorated credit of about 38 days, (54/365 times 260 = 38) for a total of 470 days of GCT, and be released 260 days into his ninth year.

memorandum opinion to petitioner and to counsel of record for the respondent.