Anthony JACKSON, Petitioner,

v.

John ASHCROFT, et al., Respondents.

No. CIV.04–1486–JE.

United States District Court,
D. Oregon.

Nov. 30, 2004.

Anthony Jackson, Sheridan, OR, pro se.

Karin J. Immergut, U.S. Attorney's Office, Portland, OR, for Defendants.

## ORDER TO DISMISS

MOSMAN, District Judge.

Petitioner, an inmate at FCI–Sheridan, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 seeking to challenge the computation of his good-time credits. Because it is clear from the face of the Petition that petitioner is not entitled to relief, the court *sua sponte* denies the Petition for Writ of Habeas Corpus (# 1) and dismisses this action with prejudice.

### BACKGROUND

The issue presented in this case is clear: whether the good-time credits awarded to petitioner should be calculated based on his time actually served, or on the length of the sentence imposed by the trial court. Petitioner maintains that the statutory scheme concerning good-time credits requires that he receive 54 days of good-time credit for each year of his sentence. He claims that the Bureau of Prisons' ("BOP") application of the statute based on time actually served improperly results in an award of only 47 days of good-time credit for each year of his sentence.

### STANDARDS

Rule 1(b) of the Rules Governing Section 2254 Cases provides that "[i]n applications for habeas corpus in cases not covered by subdivision (a), these rules may be applied at the discretion of the United States district court." The only habeas corpus action covered by Rule 1(a) is the 28 U.S.C. § 2254 action. The court therefore elects to exercise its discretion and apply the Rules Governing Section 2254 Cases to petitioner's habeas corpus action filed pursuant to 28 U.S.C. § 2241. Accordingly, the court may dismiss petitioner's Petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases; *see also O'Bremski v. Maass,* 915 F.2d 418, 420 (9th Cir. 1990); *White v. Lewis,* 874 F.2d 599, 602 (9th Cir.1989).

### DISCUSSION

The statute governing the allocation of good-time credits to federal prisoners provides, in relevant part, the following:

> [A] prisoner who is serving a term of imprisonment of more than 1 year ... may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

> .    .    .    .    .

> Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1).

■ The BOP has promulgated 28 C.F.R. § 523.20 interpreting § 3624(b) to mean that "an inmate earns 54 days credit toward service of sentence (good-time credit) for each year *served.* This amount is prorated when the time *served* by the inmate for the sentence during the year is less than a full year." (Emphasis added). Petitioner believes he is not receiving the full amount of good-time credits under the statute because the BOP is wrongfully reading "term of imprisonment" as "time served," when the proper construction of the term should be "sentence imposed."

In reaching this conclusion, petitioner bifurcates a single year of imprisonment

into 311 days of time served and 54 days of good-time credit. Thus, according to petitioner's calculation, once he begins serving his 312th day in prison, he is actually serving his second year of imprisonment and begins accruing good-time credits toward the second year of his sentence. The inherent fault with petitioner's proposed calculation is that it allows prisoners to accrue good-time credits for time they never serve, a proposition which is contrary to this court's reading of the statute.

The Ninth Circuit addressed this issue in *Pacheco–Camacho v. Hood,* 272 F.3d 1266 (9th Cir.2001), *cert. denied,* 535 U.S. 1105, 122 S.Ct. 2313, 152 L.Ed.2d 1067 (2002). It determined that "the words of the statute do not provide clear guidance as to what the phrase 'term of imprisonment' means." *Id* at 1268. It further stated that "[a]t the very least, the plain language of section 3624(b) certainly does not compel Pacheco's conclusion that the 'term of imprisonment' must refer to a sentence imposed in the judgment, as opposed to the time actually served." *Id* at 1268.

The Ninth Circuit, finding the meaning of "term of imprisonment" to be ambiguous, concluded that the BOP's interpretation of the statute is reasonable and entitled to deference.[1] *Id* at 1270. Most district courts to address the issue agree with the reasoning in *Pacheco–Camacho.* See *Sash v. Zenk,* 344 F.Supp.2d 376, 382 (E.D.N.Y.2004); *Loeffler v. Bureau of Prisons,* 2004 WL 2417805, *5–*6 (S.D.N.Y. Oct. 29, 2004); *Graves v. Bledsoe,* 334 F.Supp.2d 906, 908 (W.D.Va. 2004); *Pasciuti v. Drew,* 2004 WL 1247813, *4–*6 (N.D.N.Y. June 2, 2004); *Martinez v. Wendt,* 2003 WL 22456808 *3 (N.D.Tex. Oct. 24, 2003) (findings and recommendation adopted by the district court, 2003 WL 22724755 (N.D.Tex.2003)); *Mujahid v. Daniels,* Civ. No. 02–1719–ST (D.Or. Aug. 22, 2003) (findings and recommendation adopted by the district court, appeal pending); *Montgomery v. Hood,* 00–1350–HU (D.Or. Nov. 2000).

The Honorable Barbara B. Crabb for the Western District of Wisconsin has, however, disagreed. In *White v. Scibana,* 314 F.Supp.2d 834, 840 (W.D.Wis.2004), she concluded that § 3624(b) is unambiguous and that under the statute the BOP "must calculate an inmate's good conduct time on the basis of his sentence rather than on the time he has served." *White,* 314 F.Supp.2d at 836. Although petitioner urges the court to adopt Judge Crabb's interpretation, this court agrees with and is bound by the Ninth Circuit's conclusion that the BOP's interpretation of the statute is reasonable. *Hasbrouck v. Texaco, Inc.,* 663 F.2d 930, 933 (9th Cir.1981), *cert. denied,* 459 U.S. 828, 103 S.Ct. 63, 74 L.Ed.2d 65 (1982).

■ The court also rejects petitioner's assertion that to find in respondent's favor violates petitioner's right to equal protection because the prisoner in *White* is receiving more good-time credits under the same statute. An equal protection claim requires proof of discriminatory intent. *Lee v. City of Los Angeles,* 250 F.3d 668, 686 (9th Cir.2001). Here, any differing treatment arises from opposing legal decisions that this court lacks jurisdiction to resolve.

Based on Ninth Circuit precedent, as well as its own reading of § 3624(b), the court concludes that the BOP's calculation of petitioner's good time credits, based upon actual time served, is not in error. Because it is clear from the face of the Petition that petitioner is not entitled to

---

**1.** The Ninth Circuit also rejected the argument petitioner alludes to in his Petition based on the application of the rule of lenity. *Pacheco–Camacho,* 272 F.3d at 1271–72.

relief, the Petition is denied, and this action is dismissed.

## *CONCLUSION*

For the reasons identified above, the Petition for Writ of Habeas Corpus (# 1) is DENIED, and this action is DISMISSED with prejudice. Because petitioner no longer has a pending case before the court, his Motion for Appointment of Counsel (# 2) is DENIED.

IT IS SO ORDERED.

## JUDGMENT

Based on the Record,

IT IS ORDERED AND ADJUDGED that this Action is DISMISSED, with prejudice. Pending motions, if any, are DENIED AS MOOT.